LaVERNE BAZEN AND PANSY BAZEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bazen v. Commissioner
Docket No. 3995-76.
United States Tax Court
T.C. Memo 1977-431; 1977 Tax Ct. Memo LEXIS 5; 36 T.C.M. (CCH) 1764; T.C.M. (RIA) 770431; December 27, 1977, Filed Robert B. Clarkson, for the petitioners. Stanley H. Smith, Jr., for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1972 in the amount of $1,272.65 and an addition to tax under section 6653(a) [1]/ for that year in the amount of $63.63. The issues for decision in the instant case are as follows: 1. Whether, applying the source and application funds method of reconstructing income, the petitioners understated their adjusted gross income for 1972 in the amount of $4,465 (exclusive of specific adjustments to claimed depreciation expense). 2. Whether petitioners overstated deductible depreciation expense in 1972 in the amount of $270 by erroneously claiming depreciation *6 on a "Motor" for $50 and on a "Pick-up-Truck" for $220. 3. Whether petitioners are liable for the additions to tax under section 6653(a) for 1972. FINDINGS OF FACT At the time the petition was filed in the instant case, petitioners were legal residents of the State of South Carolina. Petitioners filed their joint Federal income tax return for 1972 with the Internal Revenue Service Center at Chamblee, Georgia. LaVerne Bazen (hereinafter petitioner) was a farmer during 1972 and his wife, petitioner Pansy Bazen, was a teacher in the South Carolina public school system. At the end of 1972, petitioner supplied Mr. John T. Harllee, C.P.A., with the information from which Mr. Harllee prepared the petitioners' joint Federal income tax return for that year. The 1972 return reflected the following: Wages of Pansy Bazen
$4,518
Farm Income & Expense
Sales $16,056
Operating
Expenses 13,829
2,227
Adjusted Gross Income
6,745
Less: Itemized Deductions
1,414
5,331
Less: Exemptions (3)
2,250
$3,081
In the absence of accurate books *7 and records to verify the items of income and deductions shown on petitioners' 1972 return, respondent employed the source and application of funds method of income reconstruction and computed petitioner's understatement of adjusted gross income (exclusive of any readjustment to claimed depreciation expense) as follows: Application of Funds During 1972
Increase in bank accounts (checking
and savings) [2]
$ 220
Payments on business equipment purchased
1,653
Payments on real estate purchased
2,250
Loans repaid during the year
1,500
Payments on personal assets (Motor)
547
B and M Investments
300
Kart
325
Advance rent paid
1,000
Personal Living Expenses: Groceries $ 500
Clothing 200
Barber, beauty shops 25
Recreations, vacations 100
Life and accident insurance 150
Federal taxes (Income, FICA) 869
Teacher's retirement [3] 200
Utilities 300
Repairs and improvements 400
Gasoline and oil 500
Batteries, etc. 100
Auto insurance 180
Contributions 320
Medical insurance 528
Doctors and hospitals 380
Drugs 54
Real Estate taxes 32
Personal property taxes 18
State income tax withheld 148
Tax preparation service 35
5,039
Total funds applied during 1972
$12,834
Source of Funds Available During 1972
Business profit reported per return
$ 2,227
Depreciation per return
1,174
Gross salaries (Wife)
4,518
Tax refund received in 1972
450
Total funds available during 1972
8,369
Less: Total funds applied during 1972
12,834
Understatement of adjusted gross income
for 1972, exclusive of specific
adjustments to depreciation expense
$ 4,465
*8 During 1972, petitioners owned a 1971 Chevrolet pickup truck (hereinafter 1971 pickup truck) and a 1968 Ford sedan. The 1971 pickup truck was purchased in 1971 by petitioner for the contract price of $2,750, and by the beginning of 1972 petitioner had made payments of $1,000. The 1968 Ford sedan was used solely for personal purposes during 1972, and the 1971 pickup truck was used solely for business purposes during that same year. On their 1972 return petitioners claimed depreciation expense in the amount of $688 for "Transportation Equipment" acquired in 1971 at a cost of $2,750. Petitioners also claimed depreciation expense in the amount of $220 for a "Pickup Truck" listed as acquired in 1972 at a cost of $1,756. However, petitioner's only pickup truck owned during 1972 was the 1971 pickup *9 truck reflected on the 1972 return as "transportation equipment." Petitioner's claim for depreciation expense in 1972 in the amount of $220 for a "pickup truck" duplicates, to the extent of $220, the amount deducted in 1972 as depreciation for "transportation equipment." On their 1972 return petitioners claimed depreciation expense in the amount of $50 for a "Motor." However, such motor was an outboard motor used by petitioners for their personal use. In the statutory notice of deficiency respondent determined by the source and application of funds method that petitioners understated their adjusted gross income for 1972 in the amount of $5,464, [4] exclusive of any specific adjustments to depreciation expense. Respondent also determined that depreciation expense claimed by petitioners during 1972 was overstated in the total amount of $270. Finally, respondent determined that the standard deduction should be used in lieu of the itemized deduction as claimed by petitioners, that additional self-employment tax was owing due to the increase in petitioners' self-employment income as determined, and that the penalty under section 6653(a), should be applied. The statutory notice of *10 deficiency also reflects the 1973 unused investment credit claimed by petitioners on April 14, 1975. OPINION At the outset of the trial in the instant case petitioners' counsel made a series of oral pettifogging motions which he must have known had no merit, all of which were denied: motion to change venue -- see Rule 140, Tax Court Rules of Practice and Procedure; motion for a jury trial -- see Swanson v. Commissioner,65 T.C. 1180 (1976), Cupp v. Commissioner,65 T.C. 68 (1975); *11 motion that burden of proof be placed on the respondent -- see Welch v. Helvering,290 U.S. 111 (1933), Roberts v. Commissioner,62 T.C. 834 (1974), Rule 122, Tax Court Rules; and motion that he be allowed attorney's fees -- see and compare Key Buick Co. v. Commissioner,68 T.C. 178 (1977). Those motions were disposed of, and petitioners then offered virtually no meaningful evidence to show errors in respondent's determination. Petitioners submitted no books or records to verify the correctness of the income and deductions set forth in their 1972 income tax return. In these circumstances the Commissioner was authorized to reconstruct petitioners' income by use of an indirect method. The source and application of funds method, employed by the Commissioner in this case has been long accepted by this Court. Vassallo v. Commissioner,23 T.C. 656, 661-662 (1955). [5] Basically, this method proceeds on the assumption that the amount by which the taxpayer's expenditures exceeds his known sources of income is taxable income, absent a showing by the taxpayer of a nontaxable source. See Taglianetti v. United States,398 F.2d 558, 562 (1st Cir. 1968). *12 It is incumbent upon the taxpayer to show specific errors in the Commissioner's calculations using this method, or in the alternative, show that another method more clearly reflects his income. See Vassallo v. Commissioner,supra at 662; Schroeder v. Commissioner,291 F.2d 649, 652 (8th Cir. 1961), affg. a Memorandum Opinion of this Court, cert. denied 368 U.S. 985 (1962)
The table set forth in our findings lists the various categories of petitioners' sources of income and expenditures during 1972. At trial, petitioner testified that he spent less for certain items of personal expense in 1972 than was shown in respondent's computations on his statutory notice of deficiency. Respondent has conceded those amounts and adjusted his source and application of funds computation to reflect an understatement of adjusted gross income in the amount of $4,465, instead of $5,464, as shown on the notice of deficiency. However, with the exception *13 of these concessions, the efforts of petitioners' counsel at trial were, for the most part, not directed toward showing any errors in respondent's findings reflected in the notice of deficiency, [6] and we must, therefore, sustain respondent's determination. Petitioners' counsel presumably attempted to attack the correctness of the source and application of funds computation by presenting evidence concerning a $3,000 loan received from petitioner's father-in-law in 1971. However, petitioner testified that the proceeds of this 1971 loan were deposited in petitioner's bank account prior to January 1, 1972, and thus such amount would have no effect on the item labeled "Increase in bank accounts (checking and savings)" shown in respondent's list of amounts applied by petitioners during 1972. Further, the record clearly *14 shows that petitioners are not entitled to a depreciation deduction in the amount of $50 claimed in 1972 for an outboard motor and that they are not entitled to a depreciation deduction in the amount of $220 claimed for a 1971 pickup truck. As to the outboard motor, petitioner testified that such motor was not used in his business as a farmer but rather was used for solely personal purposes. Thus it does not qualify as a depreciable asset under section 167. As to the 1971 pickup truck, petitioner testified that the depreciation deduction of $688 claimed for "Transportation Equipment" was claimed for his 1971 Chevrolet truck, and that the depreciation expense of $220 claimed for "Pickup Truck" was also claimed for the same 1971 Chevrolet truck. In view of this duplication, we sustain respondent's disallowance of a depreciation deduction to the extent of $220. Finally, respondent has asserted the addition to tax under section 6653(a) against the petitioners for 1972. The burden is on the taxpayer to prove that no part of the underpayment was due to negligence and intentional disregard of respondent's rules and regulations. Axelrod v. Commissioner,56 T.C. 248, 258 (1971). *15 The only evidence produced by petitioners on this issue was testimony that they supplied their accountant with information used to prepare their 1972 return. Petitioner also affirmed a series of self-serving statements made by petitioners' counsel to the effect that petitioner did not lie or intentionally misrepresent the information he gave to his accountant. Though we do not question petitioner's honesty or decency, section 6653(a) must be applied to all taxpayers according to the same standard. The ultimate responsibility for a correct return lies with petitioners, and they must furnish accurate information to their agent preparing the return. Enoch v. Commissioner,57 T.C. 781, 802 (1972). The facts that petitioners maintained no books or records, took a deduction for depreciation on a clearly nondepreciable, personal asset, duplicated, in part, the depreciation expense of one of their depreciable assets, and substantially understated their 1972 income are clearly sufficient proof of negligence. See Schroeder v. Commissioner,40 T.C. 30, 34 (1963); Smith v. Commissioner,66 T.C. 622, 651 (1976), on appeal (5th Cir., Nov. 8, 1976). *16 We have no alternative except to sustain the determined additions to tax. To reflect the foregoing and the concessions made by the parties, Decision will be entered under Rule 155. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue.
2. Sometime prior to 1972, petitioner borrowed $3,000 from his father-in-law, J. B. Bazen, but this amount was deposited in petitioner's checking account before January 1, 1972. ↩
3. Petitioner Pansy Bazen was a teacher in South Carolina during 1972, and in this capacity, a certain percentage of her gross salary was withheld from her gross pay and contributed to a retirement fund.↩
4. On brief, respondent conceded that petitioners spent less for certain personal expenses incurred during 1972 than were shown on the source and application of funds computation in the statutory notice of deficiency. These items, the amounts shown in the notice of deficiency, and the reduced amounts conceded as correct by respondent are as follows: Expense Shown on Notice
Conceded Amount Item
of Deficiency
of Expense
Groceries
$1,040 $500
Clothing
300
200
Barber, Beauty Shops
50
25
Recreation
250
100
Utilities
484
300
Respondent's concessions are reflected in the source and application of funds computation set forth above.↩
5. See also Lee v. Commissioner,T.C. Memo. 1977-124; Stutts v. Commissioner,T.C. Memo. 1975-298; Pulliam v. Commissioner,T.C. Memo. 1971-121↩.
6. This Court, at trial, repeatedly urged petitioners' counsel to focus on the issues at hand and gave him full opportunity to point out errors in respondent's source and application of funds schedule. However, petitioners' counsel was preoccupied with the numerous motions and with various criticisms of the administrative policies of the Internal Revenue Service.↩