CURTIS and DOROTHY RUTLEDGE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rutledge v. Commissioner
Docket No. 12390-77.
United States Tax Court
T.C. Memo 1979-158; 1979 Tax Ct. Memo LEXIS 368; 38 T.C.M. (CCH) 690; T.C.M. (RIA) 79158; April 23, 1979, Filed Curtis and Dorothy Rutledge, pro se. Timothy L. Nelson and Larry A. Johnson, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent, on September 23, 1977, mailed to petitioners a notice of deficiency determining a deficiency in their income tax for the calendar year 1975 in the amount of $2,382.38. Petitioners filed a petition in this case in which they alleged error in respondent's determination of deficiency as set forth in his notice of deficiency, a copy of which was attached to the petition. On January 30, 1978, respondent filed an answer to the petition. On February 26, 1979, respondent filed a motion for summary judgment in this case and on the same day filed a motion for damages pursuant to section 6673, I.R.C. 1954. [1] Pursuant to notice previously *369 given, these motions came on for hearing at Washington, D.C. on April 18, 1979. Respondent appeared by counsel and there was no appearance by or on behalf of petitioners but petitioners on April 17, 1979, filed a "Motion to Deny Summary Judgment" in which they assigned as reasons for their motion that summary judgment cannot be granted on contested issues of fact and-- Summary Judgment is a Stranger to Common Law and is not a proper and traditional part of Due Process. The attempt of Respondent to secure a Summary Judgement with a trial to determine the issues of fact, and also the issues of fact intertwined and inseparable from issues of law is an attempt to deprive Respondents of their rights under 42 USC 1983, 1985 and 1986 as well as Federal Common Law. The record here shows that petitioners resided in Idaho Falls, Idaho at the time their petition in this case was filed and their Form 1040 for the year 1975 was filed with the office of the Internal Revenue Service located in Ogden, Utah. The petition filed in this case, except for blanks *370 filled in as to names, places and dates, is exactly the same as the petition filed by petitioners in Smith v. Commissioner,T.C. Memo. 1979-157, filed this date. In fact, the petition in this case, except for the first page, appears to be a copy of the same document as the petition in the Smith case. For this reason, our conclusions here are the same as in the Smith case on the issues raised by respondent's motion for summary judgment, and we repeat in substance our opinion in the Smith case. The allegations or error assigned in the petition, which were denied by respondent in his answer, may be summarized as follows: (1) That the United States Tax Court is not constitutionally created and therefore any actions taken by the Tax Court are void; (2) that it is unconstitutional to place the burden of proof with respect to the deficiency on petitioners; (3) that the deficiency as determined was based on paper bank notes and bank credit not redeemable in gold and silver coin; (4) that the proposed assessment violated petitioners' constitutional rights against self-incrimination; and (5) that the Commissioner has no constitutional or statutory *371 authority to determine the deficiency without a full and factual basis therefor. The purported statements of fact contained in the petition are in effect legal arguments (1) that the only legal money under the United States Constitution is gold and silver coin; (2) that petitioners filed a Form 1040 individual income tax return which properly raised certain constitutional objections against self-incrimination, the validity of the monetary system and the unconstitutionality of the income tax; and (3) that petitioners have not been given a judicial determination of the matters raised in their income tax return under Article III of the Constitution of the United States. In the purported statements of fact, petitioners alleged that the entire procedure under the Internal Revenue Code is a denial of due process of law and that they are entitled to a jury trial in their case. Petitioners further alleged that they are entitled to peaceably assemble and petition any department of the Government for redress of grievances, which right they are attempting to exercise. Finally, petitioners request that they be granted reasonable attorney's fees and compensation for the work they have done *372 and for the harship, pain and suffering occasioned in connection with this case. Respondent attached to his motion for summary judgment a copy of the Form 1040 filed by petitioners for the year 1975 including copies of the Forms W-2 furnished to petitioners for that year. The amount of petitioners' income as determined by respondent is $16,829.53, which appears to be the total of the amounts shown on these Forms W-2 furnished to petitioners by their employers. In his motion for damages pursuant to section 6673 of the Code, respondent states that the petition in this case is replete with frivolous objections to the Federal tax system and the procedures of the Tax Court, which objections have been uniformly rejected by the Court. Respondent further states that these petitioners were petitioners before this Court in Giles v. Commissioner,T.C. Memo. 1977-278, on appeal (9th Cir. November 18, 1977), where they raised in their pleadings the same constitutional arguments as are here raised. Based on these allegations, respondent moved the Court to find that petitioners instituted this case before the Court merely for the purpose of delay, and to award to the United *373 States $500 damages. This record shows that petitioners do not contest the determination as made by respondent except on constitutional grounds and on the ground that the only lawful money of the United States is gold and silver coins. The issues raised by petitioners have been previously disposed of contrary to the position here taken by petitioners. The constitutionality of the income tax laws under the 16th Amendment has been sustained in Brushaber v. Union Pacific Railroad Company,240 U.S. 1 (1916). The requirement of filing an income tax return does not violate a taxpayer's rights under the 5th Amendment. Roberts v. Commissioner,62 T.C. 834, 838-839 (1974), and cases there cited. the United States Tax Court is constitutionally created and entitled to exercise the jurisdiction conferred on it by statute. Burns, Stix Friedman and Co. v. Commissioner,57 T.C. 392 (1971), affd. 467 F.2d 474 (8th Cir. 1972). Gold and silver coin is not the only lawful money of the United States. Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). A taxpayer is not entitled *374 to a trial by jury in the United States Tax Court. Swanson v. Commissioner,65 T.C. 1180 (1976). Placing the burden of proving error in respondent's determination on a taxpayer is not unconstitutional or a violation of any constitutional right of a taxpayer. Roberts v. Commissioner,supra at 835-836. A taxpayer is not entitled to an award of costs or attorneys fees in a Tax Court case. Key Buick Co. v. Commissioner,68 T.C. 178 (1977), on appeal (5th Cir., Aug. 15, 1977). Since no issue of fact is raised in the petition and the issues of law on which petitioners rely have been previously decided contrary to the position taken by petitioners in this case, respondent's motion for summary judgment will be granted. The primary basis of respondent's motion for damages is that petitioners were before this Court in Giles v. Commissioner,supra, raising the same issues for a previous year that they raise in this case for the year here in issue. In the Giles case, this Court did determine in the case of these petitioners for a prior year the same issues raised in this case. In the Giles case, all *375 these issues were determined contrary to the position petitioners take in this case. In the Giles case, the basis for our conclusion are the same that we have stated in this case; and in that case we relied to an appreciable extent on the same cases on which we have relied in support of our conclusions herein. Our decision entered in the Giles case has been appealed by petitioners to the Ninth Circuit Court of Appeals and is now pending in that circuit court. In the recent case of Wilkerson v. Commissioner,71 T.C. 633 (Jan. 29, 1979), this Court awarded to the United States damages $500of against a taxpayer who was determined to have instituted the proceedings in his case merely for delay. The taxpayer involved in the Wilkerson case was relying on constitutional defenses similar to those relied on by petitioners in this case. In that case the record affirmatively showed that after being ordered by a United States District Court during the audit of his return to show his records to representatives of respondent the taxpayer had refused to do so.The record also showed that the taxpayer had been furnished various opinions of this Court dealing with *376 arguments comparable to those he was making and that the taxpayer had been warned by this Court repeatedly during the trial of the case that he had no basis for refusing to produce his records. The record also showed that at a pretrial conference the taxpayer had been informed of respondent's intention to file a motion for damages under section 6673. Based on factual showing in the Wilkerson case, this Court concluded that the taxpayer filed his petition "merely with the intent to delay paying his taxes." No showing comparable to the showing made in the Wilkerson case has been made in the instant case. Although we find no merit to any of petitioners' contentions, the fact that these contentions were held to be without merit in a prior case which is now on appeal does not in and of itself prove that the petition in this case was filed merely for delay. [2] In fact, insofar as this record shows, petitioners may sincerely believe that the grounds on which they base their contentions that the deficiency is improper are valid. While we do not agree with petitioners as to the validity of the grounds on which their petition is based, in our view no showing has been made in this *377 case that the petition was filed merely for delay. See Ritchie, Jr. v. Commissioner, 72 T.C.     (Apr. 12, 1979). Respondent's motion for damages will be denied. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. Section 6673, I.R.C. 1954, provides as follows: SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT MERELY FOR DELAY. Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩