DONALD R. HUENE AND ANNETTE S. HUENE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Huene v. Commissioner
Docket No. 11263-77.
United States Tax Court
T.C. Memo 1979-302; 1979 Tax Ct. Memo LEXIS 220; 38 T.C.M. (CCH) 1176; T.C.M. (RIA) 79302; August 9, 1979, Filed *220 Held: Petitioners failed to prove that respondent erred in determining useful lives of component assets, part of apartment rental property owned by a partnership in which petitioners own an interest. Donald R. Huene, pro se. Bryce A. Kranzthor, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax against petitioners for 1973 in the amount of $2,122. The only issue presented for decision is whether respondent erred in determining the useful lives of component assets on which depreciation deductions under section 167(a) [1] were taken by a partnership in which petitioners own an interest. [2]
*221 FINDINGS OF FACT Some of the facts have been stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioners Donald R. Huene and Annette S. Huene, husband and wife, were residents of Fresno, California. Petitioners own a 10-percent interest in the Barstow Cluster Apartments partnership (hereinafter sometimes referred to as "Barstow"). Barstow owned the Barstow Cluster Apartments, a group of apartment buildings (hereinafter sometimes referred to as "the Apartments") near Fresno. Petitioners reported a loss of $3,947 attributed to Barstow on Schedule E--Income or Losses from Partnerships--attached to their joint Federal individual income tax return for 1973. The 1973 Barstow partnership information return claimed total depreciation in the amount of $56,878 on a total cost basis of $780,161. Barstow computed the depreciation on the component method. The parties agree that the useful lives are as filed as to all but nine of the components; with respect to these nine they take the positions set forth in table 1. Table 1 Useful life as
Useful life as used on
determined by
Component
Barstow's return
respondent
Building shell
40
55
Ceramic tile
15
33 1/3
Electrical
20
55
Gas lamps and
electrical fixtures
10
25
Sash and windows
15
55
Plumbing and sewer
20
55
Air conditioning and
sheet metal
20
33 1/3
Landscaping and
sprinklering
20
33 1/3
Doors, millwork and
finish wood
15
25
*222 The parties have stipulated as to the bases of each of the components listed in table 1, that the doubledeclining balance method of computing depreciation is allowable as to each of these items, and that petitioners' share of the aggregate of respondent's adjustments to Barstow's depreciation deductions is $1,345. Thus, respondent has determined that petitioners are entitled to deduct a loss from Barstow in the amount of $2,602. The Apartments are well-managed and well-maintained. The Apartments have a high occupancy rate, attributable to their location (within walking distance of schools), two-car garages, low density, and roominess. Prospective tenants are carefully screened and are required to provide references which are checked, in order to find desirable tenants. OPINION Petitioners maintain that the record supports the useful lives as used on Barstow's 1973 partnership information return. Respondent asserts that his determinations are supported by the record and that petitioners have not shown these determinations to be in error. We agree that respondent's determinations have not been shown to be in error. Section 167(a) [3] provides for a deduction for a reasonable *223 allowance for the exhaustion, wear, and tear, including a reasonable allowance for obsolescence, of property used in a trade or business. One factor which enters into the calculation of depreciation -- and he only factor in this case with respect to which the parties disagree -- is useful life. Useful life has been defined as the number of years an asset is expected to be employed in the taxpayer's business. Massey Motors v. United States,364 U.S. 92, 107 (1960). We agree with petitioners that this may be less than the physical life of the asset. A determination of useful life, whether grounded in physical deterioration or in economic useflness, is one of fact. Casey v. Commissioner,38 T.C. 357, 381 (1962). Respondent's determination is presumptively correct, and petitioners have the burden of showing that this determination *224 is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Casey v. Commissioner,38 T.C. at 381; Rule 142(a), Tax Court Rules of Practice and Procedure.
Of petitioners' four witnesses, the first two did not offer any testimony with respect to the useful lives of the nine components. The third witness, who prepared the Barstow return, merely testified that the useful lives used on the return were preferred. He presented no explanation for his preference. Petitioners' fourth witness, property manager for the Apartments, based his testimony on what he called a "practical basis." Although he referred to the repairs made to certain parts of several of the components, he, too, presented no persuasive evidence from which we could conclude that respondent's determinations were in error. Petitioners have tried to meet their burden of proof by taking great pains to castigate the qualifications of, and analytical methods used by, respondent's witness. Respondent's witness presented a more elaborate report, but substantially all of his report and oral testimony also were conclusory, rather than explanatory. Nothing in the evidence he presented gives us *225 an adequate basis for concluding that the numbers used by either side are to be preferred over the numbers used by the other side. See Casey v. Commissioner,38 T.C. at 381. The processes of meditation, osmosis, intuition, or whatever that led to the parties taking their respective positions have not been explained by either side in such a manner as to be analyzable by this Court. In such a situation, since we have no basis for concluding that the useful lives chosen by respondent and set forth in table 1, supra, were wrong, we conclude that petitioners have failed to meet their burden of proof. Petitioners cite to us Massaglia v. Commissioner,33 T.C. 379 (1959), affd. 286 F.2d 258 (CA10 1961). In Massaglia,33 T.C. at 388, we noted the details provided by the expert witness called by the petitioner therein, as well as that witness' demonstrated expertise specifically in the field of useful lives.There, respondent offered no testimony. In the instant case, respondent's witness was the only one who made a colorable attempt (inadequate though it was) to suggest that there was something to back up his conclusions. *226 Massaglia, far from supporting petitioners herein, serves rather to highlight the extent of petitioners' failure to sustain their burden of proof. On the one issue before us, we hold for respondent. In order to reflect respondent's concession of another adjustment, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable year in issue. ↩
2. Respondent has conceded the only other adjustment he made in the notice of deficiency. In their petition, petitioners claimed reimbursement for attorney and accounting fees, but this matter appears to have been abandoned. In any event, see Key Buick Co. v. Commissioner,68 T.C. 178↩ (1977).
3. SEC. 167. DEPRECIATION.
(a) General Rule. -- There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) -- (1) of property used in the trade or business, or (2) of property held for the production of income.↩