MICHAEL T. MURRAY, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Murray v. Commissioner
Docket Nos. 6747-78, 6748-78, 6749-78, 6750-78.
United States Tax Court
T.C. Memo 1980-236; 1980 Tax Ct. Memo LEXIS 349; 40 T.C.M. (CCH) 583; T.C.M. (RIA) 80236; July 7, 1980, Filed *349 Held, petitioners in their capacity as partners are not entitled to casualty loss deductions in excess of amounts allowed by respondent. Dennis E. Murray, for the petitioners. John P. Graham, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined the following deficiencies in petitioners' Federal income *350 taxes: Docket No.
Year
Deficiency
6747-78
1974
$1,809.50
1975
458.41
6748-78
1974
$1,287.22
1975
131.48
6749-78
1974
$1,672.94
6750-78
1974
$1,612.60
1975
312.81
After concessions, [2] the sole issue for decision is whether petitioners in their capacity as partners in a partnership known as Rattlesnake Island are entitled to casualty loss deductions pursuant to section 165 [3] during 1974 and 1975 in excess of amounts allowed by respondent. FINDINGS OF FACT All of the facts have been stipulated and are found accordingly. Petitioners Michael T. Murray, Dennis E. and Margaret A. Murray, and Jerry B. Murray resided at Sandusky, Ohio, when they filed their petitions in this case. Petitioners Charles A. and Margaret Nickels resided at Huron, Ohio, when they filed their petition in this case. Rattlesnake Island is *351 located in Ottawa County, Ohio, approximately seven and one-half miles north of Catawba Point in Lake Erie. The island consists of approximately 65 acres and is a resort with lodges and a restaurant. In 1970, a partnership known as Rattlesnake Island (hereinafter referred to as Partnership) was formed to purchase Rattlesnake Island. Petitioner Dennis E. Murray purchased the island for the Partnership on October 19, 1970, for $191,000 under an assignable contract subsequently assigned to the Partnership. The contract reflected an allocation of $60,000 of the total purchase price to the main dock on the island. Such allocation was recorded on the books and records of the Partnership upon formation and depreciation was subsequently claimed thereon. For each of the taxable years 1971 and 1972 the Partnership claimed depreciation in the amount of $1,811.65 on the main dock leaving an adjusted cost basis for the Partnership in the amount of $56,376.70 as of December 31, 1972. During taxable year 1973, the Partnership claimed depreciation in the amount of $2,059.75 on the main dock, leaving an adjusted cost basis of $54,316.95 after such depreciation for that year. In November *352 1972, March 1973, and April 1974 severe storms and flooding occurred in Ottawa County, Ohio. As a result of each storm, the President of the United States declared Ottawa County a disaster area. During taxable year 1973, the Partnership claimed a casualty loss in the amount of $18,805 due to storm damage to its main dock, leaving an adjusted cost basis for the Partnership in the amount of $35,511.95 after such casualty loss for that year. As a result of the aforesaid storm damage, the Partnership filed two loan applications with the Small Business Administration. The first application was filed on February 28, 1973, and as a result thereof the Partnership received a loan of $14,500. Pursuant to the provisions of Public Law 92-385, 86 Stat. 554, $5,000 of the principal balance of the loan was forgiven during 1973 due to Ottawa County having been declared a disaster area. The $5,000 foregiven was not included by the Partnership in income nor did it reduce the amount of any casualty loss alleged by the Partnership as reflected by its books and records. The forgiveness was taken into consideration, however, in computing the monthly payments due on the principal balance of the loan. *353 On June 29, 1973, the Partnership filed the second application for a Small Business Adminstration loan and was granted a loan in the amount of $8,900 during 1973. Pursuant to the provisions of Public Law 92-385, $5,000 of the principal balance of this loan was forgiven during 1973 on the basis of Ottawa County having been declared a disaster area. The $5,000 forgiven was not included by the Partnership in income nor did it reduce the amount of any casualty loss alleged by the Partnership as reflected by its books and records. The forgiveness was taken into consideration, however, in computing the monthly payments due on the principal balance of the loan. As a result of receiving these loans with forgiveness provisions totaling $10,000, the Partnership had an adjusted cost basis in its main dock as of December 31, 1973, computed as follows: Adjusted cost basis as of 12/31/72
$56,376.70
Less depreciation for 1973
2,059.75
Less forgiveness of indebtedness due
the Small Business Administration
10,000.00
Less casualty loss
18,805.00
Adjusted cost basis as of 12/31/73
$25,511.95
During taxable year 1974, the Partnership claimed depreciation in the amount *354 of $2,059.75 on the main dock, leaving an adjusted cost basis of $23,452.20 as of December 31, 1974. During 1974 and 1975, the interests of the petitioner-partners in the Partnership were as follows: Taxable
Partnership
Docket No.
Partner
Year
Share
6747-78
Michael T. Murray
1974
5%
1975
8.33%
6748-78
Dennis E. Murray
1974
5%
1975
8.333%
6749-78
Charles A. Nichols
1974
10%
6750-78
Jerry B. Murray
1974
5%
1975
8.333%
The Partnership reported losses for taxable years 1974 and 1975 in the amounts of $110,055 and $29,866, respectively. During these years, petitioner-partners each reported their share of Partnership loss on their returns as follows: Amount of Ordinary
Petitioner-Partner
Partnership Loss Reported
1974
1975
Michael T. Murray
$ 5,502.74
$2,488.85
Dennis E. Murray
5,503.00
2,488.84
Charles A. Nickels
11,005.00
0
Jerry B. Murray
5,502.74
2,488.85
In the notices of deficiencies, respondent disallowed a portion of the Partnership loss reported by each petitioner-partner. Respondent claims that storm damage casualty losses claimed by the Partnership in the amounts *355 of $86,900 and $8,303 for taxable years 1974 and 1975, respectively, are not allowable except to the extent of $23,452 for taxable year 1974 because it had not been established that a loss in excess of $23,452 was sustained. During 1975 there was no storm affecting the Partnership property and no storm damage to Rattlesnake Island. OPINION The sole issue is whether petitioners in their capacity as partners in a partnership are entitled to casualty loss deductions pursuant to section 165 during 1974 and 1975 in excess of amounts allowed by respondent. Section 165(a) allows a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise. Section 1.165-7(b)(1), Income Tax Regs., provides that for losses resulting from casualties the amount deductible shall be the lesser of either: (i) The amount which is equal to the fair market value of the property immediately before the casualty reduced by the fair market value of the property immediately after the casualty; or (ii) The amount of the adjusted basis prescribed in § 1.1011-1 for determining the loss from the sale or other disposition of the property involved. Respondent *356 computed the Partnership's adjusted cost basis in the main dock to be $23,452.20 as of December 31, 1974, after taking into account prior casualty loss and depreciation deductions and the forgiveness of $10,00 of the principal balance of the Small Business Administration loans. Petitioners do not dispute his computation, but merely assert that the Partnership expended $86,900 in 1974 and $8,303 in 1975 for reconstructing the damaged dock and they should be allowed to deduct their allocable shares of such expenditures as a casualty loss in the respective years. We must conclude that petitioners are plainly wrong and hold for respondent. [4]
The record clearly supports respondent's computation of the Partnership's adjusted cost basis in the main dock as of December 31, 1974, when petitioners are entitled to a casualty loss deduction *357 as a result of the storm damage to the dock. Petitioners did not contest the adjustment to the basis for the $10,000 foregiven by the Small Business Administration which was clearly proper. See Shanahan v. Commissioner,63 T.C. 21 (1974). Moreover, since the record does not reflect the fair market value of the main dock immediately before and immediately after the storm damage, respondent could very well have been generous in allowing the petitioners a deduction for their allocable shares of the Partnership's adjusted cost basis in the dock. If the difference between those fair market values was less than the adjusted cost basis, petitioners would have been allowed lesser deductions. Accordingly, we hold that petitioners in their capacity as partners are not entitled to casualty loss deductions in excess of amounts allowed by respondent. To reflect the foregoing, Decisions will be entered for the respondent. Footnotes
1. The cases of the following petitioners are consolidated herewith: Dennis E. Murray and Margaret A. Murray, docket No. 6748-78; Charles A. Nickels and Margaret Nickels, docket No. 6749-78; Jerry B. Murray, docket No. 6750-78.↩
2. Petitioners apparently have abandoned their claims for an award of attorney fees. In any event, this Court has held that it is not authorized to award attorney fees. Key Buick Co. v. Commissioner,68 T.C. 178↩ (1977). 3. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
4. It should be noted, however, that we are not deciding whether petitioners are entitled to a deduction under section 162 for the amounts expended to reconstruct the damaged dock. See Hensler v. Commissioner,73 T.C. 168↩ (1979). Since that issue was no raised by either party, we decline to address an issue not properly before us.