KEY BUICK COMPANY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10131–74.   Filed May 16, 1977.

A. *Brand Walton,* for the petitioner.
*William D. Brackett,* for the respondent.

### OPINION

SCOTT, *Judge:* On February 1, 1977, petitioner filed a motion for allowance of attorney's fees. This motion by order entered February 18, 1977, was set for hearing on March 23, 1977.[1] At the hearing and on brief, petitioner takes the position that under the provision of Pub. L. 94–559, 90 Stat. 2641, October 19, 1976, which amended 42 U.S.C. sec. 1988, it is entitled to an award of its attorney's fees in connection with this case.[2] Pub. L. 94–559, *supra,* added to 42 U.S.C. sec. 1988, the following:

In any action or proceeding to enforce a provision of sections 1977, 1978, 1979, 1980, and 1981 of the Revised Statutes, title IX of Public Law 92–318, *or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code,* or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the

---

[1] The decision in this case was entered on Nov. 4, 1976. Feb. 1, 1977, the date of the filing of petitioner's motion, was the 89th day after the entry of this decision. Since to grant petitioner's motion would require the Court to vacate its decision, petitioner's motion was treated by the Court as a motion to vacate the decision. Otherwise, 1 day after petitioner's motion was filed the Court would have lost jurisdiction to take any action in this case.

[2] Both parties recognize that this Court is without authority to award attorney's fees unless specifically authorized to do so by act of Congress. See *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240 (1975).

United States, a reasonable attorney's fee as part of the costs.[3] [Emphasis supplied.]

The provision of Pub. L. 94–559 dealing with allowance of attorney's fees in actions or proceedings with respect to the Internal Revenue Code on its face refers to "any civil action or proceeding, by or on behalf of the United States of America." In all cases in this Court, the taxpayer is the petitioner. Therefore, in a strict sense, an action in this Court is "by or on behalf of" the taxpayer, not the United States. Also, Pub. L. 94–559 was added to a section that begins: "The jurisdiction in civil and criminal matters conferred on the district courts," indicating that the section has applicability only to District Courts. Finally, Pub. L. 94–559 provides that "the court * * * may allow * * * a reasonable attorney's fee as part of the costs." This Court has no jurisdiction to allow costs to a taxpayer. *Sharon v. Commissioner*, 66 T.C. 515, 533–534 (1966).

From the above analysis, we conclude that a reading of Pub. L. 94–559, without consideration of its legislative history, leads to the conclusion that the provision is not applicable to this Court.

---

[3] 42 U.S.C. sec. 1988, as amended by Pub. L. 94–559, reads as follows:

Sec. 1988. Proceedings in vindication of civil rights

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty. *In any action or proceeding to enforce a provision of sections 1981 to 1983, 1985, and 1986 of this title, chapter 38 of Title 20, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or subchapter V of chapter 21 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.*

(Pub. L. 94–559 added the italicized portion of 42 U.S.C. sec. 1988; the Allen amendment added to Pub. L. 94–559 during Senate floor debates is underscored.)

Petitioner, however, argues that the legislative history of Pub. L. 94–559 supports its position that the provision is applicable to this Court.

Neither the original House bill (H.R. 15460) nor the original Senate bill (S. 2278) which was enacted on October 19, 1976, as Pub. L. 94–559, contained any reference to actions or proceedings under the Internal Revenue Code.[4] Therefore, neither the committee report of the Senate Judiciary Committee (S. Rept. No. 94–1011, 94th Cong., 2d Sess. (1976)) nor the committee report of the House of Representatives Judiciary Committee (H. Rept. No. 94–1558, 94th Cong., 2d Sess. (1976)), have any reference to actions or proceedings under the Internal Revenue Code. Both the report of the Senate Judiciary Committee and of the Judiciary Committee of the House of Representatives deal only with the purpose of the proposed law and need for the legislation in relation to civil rights actions. The provision with respect to actions and proceedings under the Internal Revenue Code was added by an amendment made on the Senate floor by Senator Allen. When Senator Allen's proposed amendment was called up on the Senate floor on September 29, 1976,[5] Senator Allen stated as follows with respect to the amendment:

Mr. President, this amendment is not unfamiliar to the Senate. It is similar to the Goldwater amendment. It is similar to an amendment that the Senate registered 39 votes for in earlier proceedings with a reduced membership of the Senate.

What it does is to add to the civil rights attorneys' fees provision a provision that if the Internal Revenue Service or the U.S. Government brings a civil action against a taxpayer to enforce any provision of the Internal Revenue Code, and the Government does not prevail against the taxpayer, then the court, in its discretion, just as in the other cases, would be entitled to award the taxpayer reasonable attorneys' fees. That is all it

---

[4] The Senate bill (S. 2278) originally read as follows:

"Revised Statutes section 722 (42 U.S.C. Sec. 1988) is amended by adding the following: 'In any action or proceeding to enforce a provision of sections 1977, 1978, 1979, 1980 and 1981 of the Revised Statutes, or Title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.' "

[5] The amendment as read by the legislative clerk was as follows:

"On page 1, Line 7, after '92–318,' insert the following: 'or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code,' [122 Cong. Rec. S17049 (daily ed. Sept. 29, 1976).]"

does, and I hope the amendment will be agreed to. * * * [122 Cong. Rec. S17049 (daily ed. Sept. 29, 1976).]

Following Senator Allen's statement, Senator Tunney, the initial sponsor of S. 2278, stated as follows:

Mr. TUNNEY: Mr. President, as initial sponsor of S. 2278, I would like to make clear my understanding of the *intent of this amendment,* which I support.

Essentially, it would apply to a situation where a taxpayer is harassed by the IRS. In such a case, a court has discretion to award reasonable attorneys' fees to the defendant. The standard to be applied is the one the courts have adopted *with respect to prevailing defendants,* as described in the Senate report.

The purpose of this amendment is not to discourage meritorious lawsuits by the IRS, but to discourage frivolous or harassing lawsuits.

*The amendment would not apply to a situation where the Government is plaintiff on appeal since the Government did not bring the action in the first instance.*

[122 Cong. Rec. S17050 (daily ed. Sept. 29, 1976). Emphasis added.]

Following Senator Tunney's statement, the amendment proposed by Senator Allen was adopted. Immediately following the adoption of Senator Allen's amendment to the bill, but prior to passage of the bill, Senator Kennedy stated with respect to the amendment in part as follows:

As I understand the provisions of the Allen amendment, a court would be authorized to award attorneys' fees to a *taxpayer who is a defendant in a civil action brought by the U.S. Government to enforce the provisions of the Internal Revenue Code.* The usual standard applied in cases where fees are awarded to prevailing defendants would apply here as well—that is, awards are appropriate where the action initiated by the plaintiff, the Government, acted in a frivolous or vexatious manner or brought the suit for purposes of harassment.
　　* * *

*Since the amendment is intended to apply solely to prevailing defendants in tax cases,* the courts would be guided by well-settled judicial standards in the exercise of their discretionary authority to make fee awards to defendants.

[122 Cong. Rec. S17050 (daily ed. Sept. 29, 1976). Emphasis added.]

After Senator Kennedy's statement, on the same day, September 29, 1976, Pub. L. 94–559 was passed by the Senate without further discussion of the amendment proposed by Senator Allen which had been adopted.

All discussion of the amendment prior to its adoption referred to actions or proceedings brought by the United States and to the taxpayer as the "defendant." The limited

legislative history available supports the view that the provisions of Pub. L. 94–559 do not authorize this Court to award attorney's fees.

Petitioner, however, relies on a statement made by Senator Allen on the floor of the Senate on January 14, 1977. This statement is, in part, as follows:

I inserted the word "proceeding" in my new amendment specifically to include administrative proceedings or audits so that fees and costs in connection with audits or other IRS agency proceedings could be awarded by a court on application of a prevailing taxpayer. *I also included the term "proceeding" so that it would be clear that in any case involving a disputed tax, the court would be free to award attorney fees so long as the taxpayer prevailed and the court felt that a fee award was appropriate considering all factors in the case and notwithstanding the formalistic characterization of the taxpayer as plaintiff or defendant or as appellant and appellee.*

Incredibly, Mr. President, some commentators have suggested that my amendment would only apply in cases in which the Internal Revenue Service brought an action to recover an alleged overpayment of a tax refund. I find that suggestion ludicrous. Certainly that could not have been in the mind of any Senator here when we adopted my proposal. * * *

The idea simply is that in any proceeding in which the Government asserts a taxpayer's liability for a tax and the taxpayer asserts that he is not liable for the tax and thereafter prevails, then a court may award fees to the taxpayer as the court sees fit. The form which the action takes is not of consequence. Since all tax disputes boil down to the Government asserting a liability and a taxpayer denying it, the formal position of the two parties is immaterial. The problem my amendment corrects does not relate to procedural formalities; *it relates instead to the substantive imbalance in resources available to the Government and to a taxpayer when the two dispute an issue of tax liability.* Thus, differing standards with respect to a plaintiff or a defendant, which a court might for policy reasons apply in litigated controversies in other areas of the law, have no proper application in tax disputes.

[123 Cong. Rec. S732 (daily ed., Jan. 14, 1977). Emphasis added.]

Petitioner argues that Senator Allen's statement made on January 14, 1977, properly interprets Pub. L. 94–559 since "proceeding" is a broad enough term to cover the issuance of a notice of deficiency and that the issuance of such a notice is the bringing of a "proceeding" against a taxpayer on behalf of the United States.[6]

---

[6] In determining whether a corporation is a proper petitioner in this Court or plaintiff in a District Court, it has been held that commencement of a "proceeding" within the meaning of State statutes continuing the corporate life for the purpose of concluding proceedings initiated while the corporation was active includes issuance of a notice of deficiency, filing of a claim for refund, or the commencement of a criminal

In our view Senator Allen's remarks made about 3 months after the passage of Pub. L. 94–559 are only an expression of his opinion. The other Senators did not have the benefit of these remarks to influence their vote either on the amendment or the bill as amended. Therefore, these remarks cannot properly be considered to show the intent of the legislation by the Senate as a body. Also, after the Senate passed S. 2278 as amended, the House on October 1, 1976, considered and adopted the Senate passed bill.[7] Representative Drinan, who acted as sponsor of the bill, explained the amendment to the bill proposed by Senator Allen and adopted by the Senate as follows:

> The Allen amendment would allow the prevailing party to recover its counsel fees in any civil action *brought by* the United States to enforce the Internal Revenue Code. *It would not apply to actions instituted against the Government by the taxpayer.* Since S. 2278 does not allow the U.S. Government to recover its fees under any circumstances, the effect of the Allen amendment is to permit *prevailing defendants* in such cases to recover their attorney fees if they satisfy the criteria generally applicable under the bill to *prevailing defendants* * * *
>
> Briefly, under settled judicial standards, *prevailing defendants* would recover their attorney fees only if they could prove that the United States *brought* the action to harass them, or if the suit is frivolous and vexatious. During the hearings last fall conducted by the Kastenmeier subcommittee on various attorney fee bills, the representative of the Justice Department testified that these were the only circumstances when he believed *prevailing defendants* should recover their fees in *Government initiated suits.*
>
> [122 Cong. Rec. H12159 (daily ed. Oct. 1, 1976.) Emphasis added.]

---

action. See *Bahen & Wright v. Commissioner,* 176 F.2d 538 (4th Cir. 1949), revg. an order of this Court; *American Standard Watch v. Commissioner,* 229 F.2d 672 (2d Cir. 1956), revg. an order of this Court; and *United States v. P. F. Coller & Son Corp.,* 208 F.2d 936 (7th Cir. 1953). These cases involve statutes so different from the statute here involved as to be of little assistance.

[7] S. 2278 was considered by the House of Representatives on Oct. 1, 1976, under House Resolution 1591 which made it in order to take S. 2278 from the Speaker's table and consider the bill in the House (122 Cong. Rec. H12150 (daily ed. Oct. 1, 1976)). When S. 2278 was under consideration, Mr. Drinan, who acted as sponsor of the bill (S. 2278), stated that:

"This bill [S. 2278] is identical to H.R. 15460, which was reported out of the Judiciary Committee by voice vote on September 9, 1976—27 members of the Committee were present. The only difference between the two bills is the Allen Amendment, adopted by the Senate unanimously—79 to 0—on Tuesday, which I will discuss later. * * * [122 Cong. Rec. H12159 (daily ed. Oct. 1, 1976).]"

In considering the "intent of Congress," the intent must be gleaned from the legislative history of the act in both the Senate and the House of Representatives.

There is nothing in the use of the word "proceeding" in the amendment to S. 2278 to indicate that the reference is to any proceeding other than a court proceeding.

We conclude both from the plain language of Pub. L. 94–559 and from the limited amount of legislative history with respect to the amendment to the bill proposed by Senator Allen, that its provisions do not authorize this Court to make an award of attorney's fees. There is no other statutory authority for this Court to award attorney's fees. Since we are without authority to award attorney's fees in any case, we do not reach the issue of whether this case would, in any event, be a proper case for such an award.

Petitioner's motion for allowance of attorney's fees will be denied.

*An appropriate order will be entered.*

Reviewed by the Court.