**Milton ENGEL and Elizabeth Engel, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Marien E. DURST et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. Nos. 75–51 Erie, 75–67 Erie.

United States District Court, W. D. Pennsylvania.

March 31, 1978.

John P. Leemhuis, Erie, Pa., for plaintiffs Engel.

William F. Illig, Erie, Pa., for plaintiffs Durst.

Gregory S. Hrebiniak, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

WEBER, Chief Judge.

Plaintiffs in both of the above-captioned cases brought in this court successful suits for tax refunds and now claim to be entitled to attorney's fees under the recent amendment to 42 U.S.C. § 1988 (Supp.1977), which provides as follows:

" . . . [I]n any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

The United States opposes the motion for attorney's fees, first on the ground that a taxpayer's suit in district court for a refund is not a suit "by or on behalf of the United States," and, second, if it is, that the plaintiffs must nevertheless show that the United States acted in bad faith or to harass the taxpayer and that such a showing has not here been made. All plaintiffs make the same arguments and were heard at the same time. Plaintiffs claim that a proceeding was initiated or brought on behalf of the United States at the administrative level by the issuance in each case of a deficiency notice. The Engels also claim that the government harassed them by disregarding the only precedent in this circuit on the relevant issue and by designating this question as a "prime issue" on which no settlement would be made and all possible appeals would be taken. Plaintiff Durst argues that the government unjustifiably chose to ignore terms of the trust agreement involved and undisputed extrinsic evidence of the settlor's intent, at the time it issued the deficiency notice and thereafter.

To dispose of all issues raised the Court ordered the Plaintiffs to submit, in the form of an offer of proof, the substance of the evidence they would submit on the issue of harassment. Accepting these averments as established, we would not consider the IRS policy of litigating contested issues to the fullest possible extent as harassment of any single taxpayer.

Because we do not believe that a suit for a refund, is, under this statute, a "civil action or proceeding, by or on behalf of the United States," we need not rule on whether harassment has been shown by either Plaintiff as required by the courts in *United States v. Garrison Construction Company, Inc.*, (D.Ala.1977), a subpoena enforcement case, *In re Joel Kline*, 429 F.Supp. 1025 (D.Md.1977), *Lieb v. United States*, 438 F.Supp. 1015 (D.Okl.1977), *Skulken Brothers Paper Stock Co. v. United States*, (C.D. Cal.1977); *contra, Levno v. United States*, 440 F.Supp. 8 (D.Mont.1977). Because the statute seems clear on its face, we need not resort to legislative history to construe the requirement that a taxpayer may recover attorney's fees only in suits brought by or on behalf of the United States; where the taxpayer files suit against the government for a refund he does not do so on behalf of the government. While it is true that the interchange between counsel for the citizen and the IRS is begun by the IRS's issuance of a deficiency notice, it is also clear that the taxpayer who pays a disputed sum ends those proceedings as far as the administrative process is concerned. That an option to file suit thereafter is retained by the taxpayer does not change the fact that the United States has been satisfied and can no longer conduct proceedings on that claim in *its* behalf.

Therefore, an order denying the motion for attorney's fees will be entered in both cases.