**KEY BUICK COMPANY, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 77–2781.**

United States Court of Appeals, Fifth Circuit.

March 19, 1980.

---

A. Brand Walton, Jr., Louis Anders, Jr., Joseph W. Letzer, Birmingham, Ala., for petitioner-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Tax Division, U. S. Dept. of Justice, Gilbert E. Andrews, Act. Chief, Murray Horwitz, Lester Steen, William A. Friedlander, Attys., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before COLEMAN, Chief Judge, FRANK M. JOHNSON, Jr. and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

This case, like *Prince v. United States*, 610 F.2d 350, decided by this panel January 25, 1980, involves a taxpayer's claim for attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. The Tax Court, 68 T.C. 178, denied Key Buick Company's motion for attorney's fees. Agreeing with the result reached by the Tax Court, we affirm.

The Internal Revenue Service audited Key Buick's returns for the years 1967, 1968 and 1969. After district and appellate conferences the IRS eventually issued a formal Notice of Deficiency of $9,600, $101,727.20 and $54,990.88 for the three years, respectively. Key Buick petitioned the Tax Court which, after trial, granted almost the entirety of the relief sought. Key Buick then moved for allowance of attorney's fees, the denial of which precipitated this appeal.

The Civil Rights Attorney's Fees Awards Act of 1976 provides:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

At issue is the meaning to be given to "any civil action or proceeding, by or on behalf of the United States of America." Not unexpectedly the parties, submitting

that the words are clear and unambiguous, have urged diametrically opposed interpretations. Key Buick bases its claim on an expansive interpretation of the statutory term "proceeding," arguing that such includes administrative as well as judicial proceedings and that, so construed, the proceedings in this case have been brought "by or on behalf of the [government]." We refused to adopt such an expansive interpretation in the *Prince* case. Nor will we do so now.

■ For an award of attorney's fees to be appropriate, the government must be the initiating or moving party. It is beyond question that the government is the moving party and the issuance of a Notice of Deficiency is "by or on behalf of" the government. So, too, is an audit. If such be within the ambit of § 1988, whenever the government takes any administrative step to examine whether taxes have been properly computed and paid, or to seek to enforce such payment, the status of the parties for § 1988 purposes is irretrievably fixed. We conclude to the contrary. If it were the intent of Congress to provide attorney's fees in practically every instance involving government review of tax returns, we are convinced Congress would have done so in much more specific terms. The language of § 1988 does not permit, much less require, such a result.

Parsing the language of the Act we find specific language (civil action) followed by broad language (proceeding). "Civil action" has a sharply defined meaning in the law. Rule 2 of the Federal Rules of Civil Procedure states:

There shall be one form of action to be known as 'civil action.'

The word proceeding is broader and more open-ended, conceivably blanketing every IRS administrative activity. What then is the effect of combining the words into one phrase in the disjunctive? Our statutory construction is aided by the doctrine of *ejusdem generis* which, as was noted in *United States v. Insco*, 496 F.2d 204, 206 (5th Cir. 1974), counsels:

In divining legislative intent, however, a venerable precept of statutory construction, the doctrine of *ejusdem generis*, warns against expansively interpreting broad language which immediately follows narrow and specific terms. To the contrary, this maxim of statutory analysis counsels courts to construe the broad in light of the narrow, in a commonsense recognition that general and specific words, when present together are associated with and take color from each other.[1]

Applying this canon of statutory construction leads to the conclusion that the phrase "civil action or proceeding" means litigation.

A review of the legislative history, and what appears to be the dominant weight of expressed legislative intent, confirms our conclusion.[2]

It is quite obvious that little, if any, consideration was given to the fact that the taxpayer is only rarely the defendant in judicial proceedings.[3] The members of Congress may not have been aware that the Allen amendment would have very little

---

1. *Insco* was a criminal case. The doctrine, however, is not limited to construction of criminal statutes. *See Weisbart & Co. v. First Nat. Bank of Dalhart, Tex.*, 568 F.2d 391, 395 (5th Cir. 1978).

2. See generally remarks by Senator Allen, author of the amendment embodying the language at issue, at 122 Cong.Rec.S. 31829 (Sept. 22, 1976); Senator Goldwater, *id.* at 32176 (Sept. 23, 1976); Senator Tunney, *id.* at 33312 (Sept. 29, 1976); Senator Kennedy, *id.* at 33312, 33313 (Sept. 29, 1976); Rep. Anderson, 122 Cong.Rec.H. 35115 (Oct. 1, 1976); Rep. McClory, *id.* at 35116 (Oct. 1, 1976); Rep. Dri-

nan, *id.* at 35116 (Oct. 1, 1976). But see the remarks by Senator Allen, several months after the Act was signed into law, when he states that he intended "proceeding" to include administrative proceedings. 123 Cong.Rec.S. 732 (Jan. 14, 1977).

3. Tax Court suits may only be filed by a taxpayer or his transferee or fiduciary. *See* Rule 13 of the Rules of Practice and Procedure of the United States Tax Court. Refund suits in district court are likewise filed by taxpayers. These suits account for the vast majority of tax litigation.

practical application. We are not disposed to address that issue, nor are we prepared to speculate on alternative formulations the Congress might have otherwise adopted.[4]

■ We conclude that the phrase "civil action or proceeding, by or on behalf of the United States of America" means litigation in which the government is party-plaintiff and the taxpayer is party-defendant.[5]

■ The Tax Court properly denied Key Buick's motion for attorney's fees.

■ We are not in accord, however, with the conclusion of the Tax Court that it may never award attorney's fees under any circumstances because it is not empowered to assess costs in actions before it. In any instance in which a taxpayer is cast in a defendant's role before it, § 1988 empowers the Tax Court to award attorney's fees and assess same as costs.

The judgment of the Tax Court is AFFIRMED.

---

**4.** We are informed that both Houses of Congress are presently considering legislation which would expand the classes of taxpayers eligible to pursue claims for attorney's fees. As proposed, S. 1444 permits taxpayer recovery if court action ensues, regardless of the "litigating hat" worn by taxpayer. H.R. 305 is a broader provision, as it would allow recovery for fees incurred at the audit phase.

**5.** The courts thus far construing § 1988 require "defendant status" of taxpayers as one requisite to the recovery of attorney's fees. *Klotz v. United States,* 602 F.2d 920 (9th Cir. 1979); *Patzkowski v. United States,* 576 F.2d 134 (8th Cir. 1978); *Aparacor, Inc. v. United States,* 571 F.2d 552 (Ct.Cl.1978); *Hunter v. United States,* 474 F.Supp. 763 (S.D.N.Y.1979); *Johnson v. C.I.R.,* 468 F.Supp. 461 (M.D.Fla.1979); *Institutional Agencies Corp. v. United States,* 78–2 USTC ¶ 9723 (W.D.Mo.1978); *Monarch Cement Co. v. United States,* 78–2 USTC ¶ 9613 (D.Kan.1978); *Better Beverages, Inc. v. United States,* 78–2 USTC ¶ 9644 (S.D.Tex.1978); *Bryant v. United States,* 78–2 USTC ¶ 9782 (E.D.Pa.1978); *Jones v. United States,* 79–1 USTC ¶ 9120 (E.D.Tex.1978); *Sutton, et al. v. United States,* 78–2 USTC ¶ 9485 (E.D.Tenn. 1978); *Engel v. United States,* 448 F.Supp. 201 (W.D.Pa.1978); *Richman v. United States,* 447 F.Supp. 929 (N.D.Ill.1978); *Jacobsen v. United States,* 78–1 USTC ¶ 9323 (W.D.Tex.1978); *Holcomb v. United States,* 78 F.R.D. 527 (E.D. Wis.1978); *Lieb v. United States,* 77–2, USTC ¶ 9752 (E.D.Okl.1977); *Schulken Brothers Paper Stock Co. v. United States,* 77–2 USTC ¶ 9712 (C.D.Cal.1977); *In Re Kline,* 429 F.Supp. 1025 (D.Md.1977); *United States v. Garrison Construction Co., Inc.,* 77–2 USTC ¶ 9705 (N.D. Ala.1977); *Haskin v. United States,* 444 F.Supp. 299 (C.D.Cal.1977), contra: *In Re Slodov,* 79–1 USTC ¶ 9215 (N.D.Ohio 1979); *Levno v. United States,* 440 F.Supp. 8 (D.Mont. 1977).