CHARLES KENNETH MOSS AND JUNE B. MOSS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moss v. Commissioner
Docket No. 11580-77.
United States Tax Court
T.C. Memo 1980-430; 1980 Tax Ct. Memo LEXIS 158; 41 T.C.M. (CCH) 55; T.C.M. (RIA) 80430; September 25, 1980, Filed *158 For all of 1975 petitioners had custody of three children from a prior marriage of petitioner-wife. The children's noncustodial parent furnished a total of $2,140 for their support. Held, petitioners have not clearly established that they provided more than the noncustodial parent for the support of the children and are not entitled to the dependency exemptions and credits for the children. Ottway Burton, for the petitioners. James R. Marietta, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge, By letter dated August 23, 1977, respondent determined a deficiency in petitioners' 1975 income tax of $457.01. The issue for decision is whether petitioners are entitled to claim dependency exemptions and the resultant credits for three children from the prior marriage of petitioner June B. Moss. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts together with the exhibits attached thereto are incorporated herein by this reference. Petitioners are husband and wife whose residence at the time of the filing of their petition herein was Randleman, North Carolina. Petitioners timely filed their joint Federal income tax return *159 for 1975 with the Internal Revenue Service Center, Memphis, Tennessee. Petitioner June b. Moss was previously married to James R. Hartman on September 22, 1962. Three children were born of this marriage: James Mark Hartman, born August 20, 1963; Steven Dwayne Hartman, born Noember 30, 1965; and Lorrie Glades Hartman, born December 26, 1966. On or about September 15, 1967, June and Hartman separated. On December 21, 1967, June and Hartman executed a Deed of Separation by which June was granted custody of the children. Paragraph 9 of the Deed of Separation provided as follows: 9. Support of Children. The Husband agrees to pay to the Wife each and every month for the support of the minor children born of the marriage, for so long as he is a member of the United States Coast Guard, the sum of One Hundred Five Dollars ($105.00) per month, this being the amount that he is under obligation to pay to his children pursuant to the United States Coast Guard regulations. This figure is subject to change should the Husband's rank in the Coast Guard change or should regulations change which would provide for his sending the wife a sum greater than One Hundred Five Dollars ($105.00) per month. *160 It is further agreed that upon discharge of the Husband from the milirary [sic], the amount of the support which he shall pay to his wife shall then be re-adjusted in accordance with the income which he is making from his civilian occupation. On March 31, 1970, a Judgment of Divorce was entered in the District Court of Guilford County, North Carolina dissolving the marriage of June and James Hartman. Petitioners were married in 1974. Petitioner Charles K. Moss had been married twice prior to his marriage to June. Charles had two children by his first marriage (to Carolyn Stogner), Teresa Ann Moss and Paula Diane Moss. During 1975 Teresa lived with petitioners and Paula lived with Carolyn Stogner. Pamela Moss was born to petitioners in May 1974. During 1975 petitioners' home consisted of seven persons: Charles K. Moss, June B. Moss, James Mark Hartman, Steven Dwayne Hartman, Lorrie Glades Hartman, Teresa Ann Moss, and Pamela Moss. In January 1975 petitioners' family lived in a trailer next door to the house of June B. Moss' mother, Orphia T. Brown. Mrs. Brown was 75 years old at the time and having difficulty maintaining her home alone. Mrs. Brown thus proposed to petitioners *161 that if petitioners would pay the mortgage, property taxes, and other expenses for the house they could live there. Petitioners agreed and on February 1, 1975, moved into the house. Petitioners and their family resided in the house for the remainder of 1975. On September 30, 1975, Mrs. Brown conveyed the house to June B. Moss, who assumed the first deed of trust on the house. Petitioners' January 1975 mortgage payment for the trailer was $83 and petitioners' monthly mortgage payments for the house were $48. The fair market value of the trailer was $150 per month. The fair rental value of the house was $200 per month. James Hartman made monthly payments for support of James, Steven, and Lorrie totalling $2,140 during 1975. [1]
Petitioners provided the following items in support of James, Steven, and Lorrie: James
Steven
Lorrie
School Clothing
$ 150.00
$ 150.00
$ 150.00
School Lunches [2] *162 97.50
97.50
97.50
Food [3]
408.57
408.57
408.57
Housing [4]
335.71
335.71
335.71
Lawn Mower
97.00
Subtotal
$1,088.87
$ 991.78
$ 991.78
Less amount provided
by Hartman (n.8
infra)
713.33
713.33
713.33
Total
$ 375.45
$ 278.45
$ 278.45
James earned about $100 mowing lawns during 1975. Petitioners claimed James, Steven, and Lorrie as dependents on their 1975 return. Petitioners therefore claimed an additional three dependency exemption deductions under section 151(e) [5] and three credits under section 42. James Hartman also claimed James, Steven, and Lorrie as dependents on his 1975 return. ULTIMATE FINDING OF FACT Petitioners did not provide more for the support of James, Steven, and Lorrie than James Hartman provided. OPINION Petitioners claimed three dependency exemption deductions under section 151(e) and three personal exemption credits under section 42 [6] for James, Steven, and Lorrie. Respondent determined that James Hartman, the noncustodial parent of the three children, was entitled to the deductions and credits *163 and accordingly disallowed them to petitioners. Section 152(a) defines "dependent" as certain individuals over half of whose support was received from the taxpayer. Section 152(e) sets forth specific tests in determining the support the children of divorced parents. Section 152(e)(1) provides the following general rule: (e) Support Test in Case of Child of Divorced Parents, et. Cetera.-- (1) General rule.--If-- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is *164 treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). There is no dispute that James, Steven, and Lorrie all received over one-half of their support from petitioners [7] and Hartman. Since the children were in petitioners' custody for all of 1975, petitioners are entitled to the exemption and credits unless one of the exceptions provided in section 152(e)(2) is applicable. Respondent asserts that section 152(e)(2)(B) operates to disallow the exemptions and credits to petitioners. Section 152(e)(2)(B) states: (2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (B)(i) the parent not having custody provides $1,200 or more the support of such child (or if there is more than one such child, $1,200 or more for all of such children) *165 for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. During 1975, Hartman provided $2,140 for the support of James, Steven, and Lorrie. [8] Therefore, petitioners must clearly establish that they provided more for the support of the children than did Hartman. We hold that petitioners have not met their burden. Petitioners and Hartman provided the following support to each child: James
Steven
Lorrie
Petitioners
$ 375.45
$278.45
$278.45
Hartman
713.33
713.33
713.33
In *166 addition, James provided $100 (from mowing lawns) towards his own support. In order to avoid crediting petitioners with amounts actually furnished for the children's support by Hartman, section 1.152-4(d)(4), Income Tax Regs., requires us to subtract $713.33 per child from the support provided by petitioners. Respondent contends that Orphia T. Brown and not petitioners provided housing for the children from February 1, 1975, through September 30, 1975, when the house was deeded to June. Petitioners paid the mortgage, taxes, and maintenance on the house in exchange for its use during this period. In essence this represented an informal rental agreement with petitioners as lessees. Petitioners, and not Mrs. Brown, thus furnished the fair rental value of the house for February through September of 1975. Section 1.152-1(a)(2)(i), Income Tax Regs.
Respondent also contends that petitioners have not established the fair rental value of the lodging or any of their other items of support. In cases of this type detailed and meticulous recordkeeping is often nonexistent. Estimates and partial records frequently constitute a major portion of the evidence, particularly when the fair market *167 value of lodging is in issue. Petitioners' testimony was entirely forthright and credible and we see no reason why it should not be accepted as such. Because petitioners have not clearly established that they provided more for the support of each child than did Hartman, petitioners are not entitled to the deductions and credits for the children. [9]
Decision will be entered for the respondent. Footnotes
1. January - April
$160 x 4 = $640
May - September
180 x 5 = 900
October - December
200 x 3 = 600
$2140
The support payments from Hartman increased apparently due to Hartman's increased rank in the Coast Guard.↩
2. Petitioners gave each child 65 cents per day for lunch money. 150 days x.65 = $97.50. 3. Petitioners spent $55 per week on food in 1975. Each child's share is thus $55 x 52 = $2860./. 7 = $408.57. ↩
4. ↩
January fair rental value
$ 150
February - December fair rental
value (200 x 11) =
2200
Total fair rental value
$2350
$2350./. 7 = 335.71
5. All statutory references are to the Internal Revenue Code of 1954 as amended.↩
6. Section 42(a), as in effect during 1975, allows as a credit $30 multiplied by each exemption which the taxpayer is entitled for the taxable year under subsection (b) or (e) of section 151.↩
7. The amount of support furnished by petitioner June B. Moss, the custodial parent, includes items furnished by her husband, Charles K. Moss. Svendsen v. Commissioner,T.C. Memo. 1978-503↩.
8. The parties have stipulated that one-third of the $2,140 provided by Hartman, $713.33, is equally attributable to each child. Section 152(e)(2)(B)(i), as in effect during 1975, only required the noncustodial parent to provide $1,200 for "all of such children." This provision was amended by the Tax Reform Act of 1976, sec. 2139 (a), Pub. L. 94-455, 90 Stat. 1932, which requires the noncustodial parent to provide $1,200 in support for "each↩ of such children" (emphasis added). However, since the amendment is effective only for taxable years beginning after October 4, 1976, section 152(e)(2)(B)(i) is satisfied in the instant case.
9. Petitioners claim they are entitled to attorney's fees. Because this Court has no jurisdiction to award attorney's fees, petitioners' request is denied. Key Buick Co. v. Commissioner,68 T.C. 178 (1977), affd. 613 F.2d 1306↩ (5th Cir. 1980).