SACRAMENTO CABINET SUPPLY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sacramento Cabinet Supply, Inc. v. Commissioner
Docket No. 2880-76.
United States Tax Court
T.C. Memo 1982-50; 1982 Tax Ct. Memo LEXIS 700; 43 T.C.M. (CCH) 451; T.C.M. (RIA) 82050; February 3, 1982. *700 To determine whether the 80-percent test of sec. 1563(a)(2)(A), I.R.C. 1954, was satisfied, respondent included in his calculations the stock of a shareholder who did not own stock in all of the corporations in the alleged controlled group. Held, consideration of stock of one who does not own stock in each of the members of a group of corporations is improper for purposes of applying the 80-percent test of sec. 1563(a)(2)(A), I.R.C. 1954. United States v. Vogel Fertilizer Co., 455 U.S..     (Jan. 13, 1982), controls, Held further, petitioner's request for attorney's fees is denied. John Gigounas, for the petitioner. Lawrence G. Becker, for the respondent. STERRETT
MEMORANDUM OPINION
*702 STERRETT, Judge: Respondent determined definiencies in petitioner's Federal income taxes for its fiscal years ended November 30, 1971 and November 30, 1972 in the amounts of $ 8,5770.70 and $ 35,286.56, respectively. Due to concessions [1] by the parties the remaining issues for decision are: (1) Whether petitioner and Bob-Leon Plastics, Inc. constitute a "brother-sister controlled group" within the meaning of section 1563(a)(2), I.R.C. 1954, and (2) If petitioner is not a "brother-sister controlled group," whether it is entitled to reasonable attorney's fees attributable to the prosecution of this litigation. This case was submitted under Rule 122, Tax Court Rules of Practice and Procedure. *703 Hence all of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner Secramento Cabinet Supply, Inc. (Cabinet) is a corporation organized and existing under the laws of the State of California. Its principal office at the time it filed its petition herein was located in Sacramento, California. Cabinet's corporate Federal income tax returns for the fiscal years ended November 30, 1971 and November 30, 1972 were filed on the accrual basis with the Internal Revenue Service Center, Fresno, California. Bob-Leon Plastics, Inc. (Plastics) is a corporation organized and existing under the laws of the State of California, having its principal place of business in Sacramento, California. Plastics filed, on the accrual basis, corporate Federal income tax returns for its fiscal years ended September 30, 1971 and September 30, 1972 with the Internal Revenue Service Center, Fresno, California. At all times relevant herein, Cabinet and Plastics each had issued and outstanding only one class of stock. The shares of each respective corporation had voting power equal to *704 every other share of stock in that corporation. [2]
At all pertinent times the issued and outstanding stock of Cabinet and Plastics was held as follows: Cabinet
Plastics
Robert J. Cronin and
Leona Ruth Cronin [3]
100%
75%
H. Leon Eggleston
25%
H. Leon Eggleston was not related by blood or marriage to the Cronins. Cabinet, for its fiscal years ended November 30, 1971 and November 30, 1972, and Plastics, for its fiscal years ended September 30, 1971 and September 30, 1972, reported taxable incomes and surtax exemptions as follows: Corporation
Year
Taxable Income
Surtax Exemption
Cabinet
1971
$ 23,885.40
$ 23,885.40
Plastics
1971
24,479.43
24,479.43
Cabinet
1972
24,135.65
24,135.65
Plastics
1972
22,450.87
22,450.87
Respondent, in his notice of deficiency dated February 13, 1976, determined *705 that Cabinet and Plastics were component members of a brother-sister controlled group and that "a single surtax exemption of $ 25,000 * * * be apportioned between the two corporations" as follows: 1971
1972
Plastics
$ 24,479
$ 22,451
Cabinet
521
2,549
$ 25,000
$ 25,000
In the event that we sustain respondent's determination of brother-sister controlled group status the parties agree that petitioner shall be entitled to a $ 12,500 surtax exemption for each of its said taxable years in issue. The first issue we must decide is whether Cabinet and Plastics are members of a brother-sister controlled group of corporations within the meaning of section 1563(a)(2). Section 1563(a)(2) provides: SEC. 1563. DEFINITIONS AND SPECIAL RULES. (a) Controlled Group of Corporations.--For purposes of this part, the term "controlled group of corporations" means any group of-- (2) Brother-sister controlled group. Two or more corporations if 5 or fewer persons who are individuals, estates, or trusts own * * * stock possessing-- (A) at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total *706 value of shares of all classes of the stock of each corporation, and (B) more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation. The "identical ownership test" under section 1563(a)(2)(B) is met since Robert J. and Leona Ruth Cronin own at least 75 percent of the stock in each of the two corporations. The issue is whether the 80-percent test of section 1563(a)(2)(A) is met. More specifically, we must determine whether under section 1563(a)(2)(A) an individual's stock ownership may be considered for purposes of determining 80-percent ownership despite the fact that such individual does not own stock in each of the corporations in the alleged controlled group. Here, the outcome depends upon whether Mr. Eggleston's 25-percent stock ownership in Plastics should be included in the computation of the 80-percent stock ownership test. If so, Cabinet and Plastics constituted members of a controlled *707 group of brother-sister corporations during the years in question. Cabinet relies on our decisions in Fairfax Auto Parts of No. Va., Inc. v. Commissioner,65 T.C. 798 (1976), revd. and remanded 548 F.2d 501 (4th Cir. 1977), cert. denied 434 U.S. 904 (1977), and Charles Baloian Co. v. Commissioner,68 T.C. 620 (1977), on appeal (9th Cir. Apr. 7, 1978). It argues that Mr. Eggleston's stock cannot be considered in applying the 80-percent test because he did not own stock in both Cabinet and Plastics. Petitioner therefore contends that it was not a member of a controlled group of corporations as defined by section 1563(a)(2) and that it therefore is entitled to a full surtax exemption under section 11(d) in computing its income tax liability for the years in question. Respondent relies on section 1.1563-1(a)(3)(i) and (ii), [4] Income Tax Regs., in arguing that Mr. Eggleston's stock must be included in the formula. He contends that this Court's decision in Fairfax Auto Parts of No. Va., Inc. v. Commissioner,supra, and its progeny were erroneous and that his regulation is valid. *708 The issue raised herein has been resolved by the Supreme Court in the recent case of United States v. Vogel Fertilizer Co., 455 U.S.     (Jan. 13, 1982), where it was held that the 80-percent statutory test contains a common ownership requirement. Thus, each member of the stockholder group must own stock in each brother-sister corporation for purposes of the 80-percent test. Accordingly, the Court declared section 1.1563-1(a)(3), Income Tax Regs., to be an unreasonable implementation of the statute and therefore invalid to the extent it prescribed otherwise. In affirming the Court of Claims, the Court cited with approval the Tax Court's position was originally expressed in Fairfax Auto Parts of to Va., Inc. v. Commissioner,supra.Following United States v. Vogel Fertilizer Co.,supra, we held in B & M Investors Corp. v. Commissioner, 78 T.C.     (Jan. 29, 1982), that section 1563(a)(2) had a common ownership requirement. In petitioner's amendment to the petition, it requested that this Court grant its attorney's fees and costs as authorized by Pub. L. 94-559, 90 Stat. 2641, Oct. 19, 1976, amending 42 U.S.C. sec. 1988. *709 [5] In Key Buick Co. v. Commissioner,68 T.C. 178 (1977), affd. 613 F.2d 1306 (5th Cir. 1980), we held that we are not authorized to award attorney's fees under Pub. L. 94-559, supra, or any other provision of law. Thus, petitioner's request for attorney's fees is denied. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. The parties agree that the correct amounts of petitioner's deductions, income, and credit also in dispute for its fiscal years in issue are as follows: ↩
Item
1971
1972
Salary (Robert J. Cronin)
$ 50,000.00
Pension-profit sharing plan
(Robert J. Cronin)
7,500.00
Auto Expense
$ 231.00
595.00
Travel & Entertainment
1,393.67
3,076.99
Dues & Subscriptions
Auto Depreciation
415.00
4,711.00
Interest Income
248.40
Investment Tax Credit
201.97
2. Also none of the stock was "excluded stock" under sec. 1563(c)(2). Moreover, there are no facts herein which would cause sec. 1563(a)(4), (b)(2) or (f)(4)↩ to be operative.
3. Leona Ruth Cronin and Robert J. Cronin, Cronin, husband and wife, owned, as community property under the laws of the State of California, said shares of stock.↩
4. Sec. 1.1563-1, Income Tax Regs., provides in pertinent part: § 1.1563-1. Definition of controlled group or corporations and component members. (a) Controlled group of corporations-- (3) Brother-Sister controlled group--(i) The term "brother-sister controlled group" means two or more corporations if the same five or fewer persons who are individuals, estates, or trusts own (directly and with the application of the rules contained in paragraph (b) of § 1.1563-3), singly or in combination, stock possessing-- (a) At least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation; and (b) More than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation. (ii) The principles of this subparagraph may be illustrated by the following examples: Example (1). The outstanding stock of corporations P, Q, R, S, and T, which have only one class of stock outstanding, is owned by the following unrelated individuals: Identical
Individuals
Corporations
Ownership
P
Q
R
S
T
A
60%
60%
60%
60%
100%
60%
B
40%
C
40%
D
40%
E
40%
Total
$100%
100%
100%
100%
100%
60%
Corporations P, Q, R, S, and T are members of a brother-sister controlled group. [Emphasis added.]↩
5. Because petitioner made no argument with respect to the recovery of attorney's fees pursuant to any authority other than Pub. L. 94-559, 90 Stat. 2641, Oct. 19, 1976, amending 42 U.S.C. sec. 1988↩, we confine our discussion to the issue of recovery under that statute.