ALBERT M. DAVIDSON and ELIZABETH J. DAVIDSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davidson v. Commissioner
Docket No. 10194-78.
United States Tax Court
T.C. Memo 1982-319; 1982 Tax Ct. Memo LEXIS 427; 44 T.C.M. (CCH) 71; T.C.M. (RIA) 82319; June 8, 1982. Richard A. Josepher,Marvin C. Gutter,Martin J. Nash, and Benjamin S. Schwartz, for the petitioners. Chauncey W. Tuttle, Jr., for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: On January 12, 1982, petitioners filed an application for fees and other expenses incurred in connection with the litigation of the above-entitled case, and a request that hearing on the application be held in Miami, *428 Florida. By order dated January 15, 1982, the parties were directed to file briefs with respect to whether there was any Federal statute providing for the allowance of attorneys' fees and litigating expenses in a case tried before this Court. Action on petitioners' request for place of hearing was held in abeyance pending the Court's determination of whether any legal basis existed for an allowance by this Court of any claim for attorneys' fees and costs. The record shows that respondent determined a deficiency in petitioners' income tax for the calendar year 1974 in the amount of $ 317,873.62. The only issue presented for decision in the case was whether petitioners were entitled to report the gain on the disposition of stock of Aldason Corporation on the installment method. The Court, in a Memorandum Opinion (T.C. Memo. 1981-467) filed August 27, 1981, decided the only issue presented for petitioners on the basis that the facts in this case were not distinguishable from those in Rushing v. Commissioner,52 T.C. 888 (1969), affd. 441 F.2d 593 (5th Cir. 1971). Respondent had taken the position that the transaction was a sham and should be given *429 no effect for tax purposes, and for that reason the case was distinguishable from the Rushing case, as well as arguing that the Rushing case was incorrectly decided. On December 14, 1981, the Court entered its decision in accordance with respondent's computation for entry of decision that there was an overpayment by petitioners in income tax for the taxable year 1974 in the amount of $ 56. Petitioners resided in Miami Beach, Florida, at the time of the filing of their petition in this case. They filed a joint Federal income tax return for the calendar year 1974. In their application for fees and other expenses, petitioners state that the position taken in the litigation of the above-entitled case by respondent was not substantially justified and further state that neither petitioner had a net worth in excess of $ 1 million at the time the petition in this case was filed. Petitioners in their brief filed with the Court contend that this Court (1) has jurisdiction to award attorneys' fees and other expenses under the provisions of 28 U.S.C. sec. 2412(d)(1)(A); (2) that in Key Buick v. Commissioner,613 F.2d 1306 (5th Cir. 1980), *430 affg. 68 T.C. 178 (1977), the Circuit Court held that the Tax Court was empowered to award attorneys' fees and costs under Pub. L. 94-559, 90 Stat. 2641 (Oct. 19, 1976), amending 42 U.S.C. sec. 1988; and (3) that this Court has jurisdiction to award attorneys' fees and other expenses pursuant to 5 U.S.C. sec. 504. Respondent takes the position that 28 U.S.C. sec. 2412 as amended by Pub. L. 96-481 (Title II), 94 Stat. 2325 (effective Oct. 1, 1981), permitting the awarding of attorneys' fees, is not applicable to the Tax Court since Title 28 is applicable only to courts of the United States as defined in section 451 of that title. Respondent points out that 28 U.S.C. sec. 451 defines the term "courts of the United States" to include the Supreme Court, Courts of Appeal, District Courts constituted by Chapter 5 of Title 28 of the U.S. Code, the Court of Claims, the Court of International Trade and Patent Appeals, the Court of International Trade, and any court created by Act of Congress, the judges of which are entitled to hold office during good behavior. Since the United States *431 Tax Court is established under Article I of the Constitution, and the judges serve for 15-year terms, respondent contends that the Tax Court is not a court of the United States within the definition of 28 U.S.C. sec. 451. Respondent also points out that section 451 of Title 28 of the United States Code was amended by the Bankruptcy Reform Act effective in 1984 to add at the end of the first paragraph "and bankruptcy courts, the judges of which are entitled to hold office for a term of 14 years." Pub. L. 95-598 (Title II, sec. 213), 92 Stat. 2661. Respondent argues that because of this amendment to 28 U.S.C. 451 and an amendment made by Pub. L. 96-417 (Title V, sec. 501 (10)), 94 Stat. 1742 (Oct. 10, 1980), changing the "Customs Court" to the "Court of International Trade," it was not inadvertent that the Tax Court was not included in the definition of courts of the United States to which the provisions of Title 28 of the United States Code are applicable. Petitioners cite extensive legislative history in support of their position. Most of the legislative history cited concerns whether the provisions of 28 U.S.C. sec. 2412 *432 (d) will apply to civil litigation involving tax matters. Any statements to which petitioners point as being "legislative history" in which the Tax Court is mentioned were either statements by individuals testifying with respect to the bill which was to become section 2412(d) of Title 28 of the U.S. Code, or questions raised by individual senators or congressmen in correspondence or on the floor of the Senate or House when the bill was being considered. A thorough review of the legislative history of 28 U.S.C. sec. 2412(d) does not support petitioners' petition that the provisions of that section was intended to apply to the Tax Court. In the recent case of McQuiston v. Commissioner, 78 T.C.     (May 13, 1982), we considered the same contention with respect to the application of 28 U.S.C. sec. 2412(d) to litigation before this Court as that raised by petitioners in this case. In that case we concluded that 28 U.S.C. sec. 2412(d) was inapplicable to the Tax Court. Petitioners' second position is that in any event, because of the holding in Key Buick v. Commissioner,supra, this Court *433 should find that these petitioners are entitled to be awarded attorneys' fees by applying the holding in Golsen v. Commissioner,54 T.C. 742 (1970), affd. on other grounds 445 F.2d 985 (10th Cir. 1971). Petitioners point out that in the Key Buick case this Court held that it was not authorized to award attorneys' fees pursuant to 42 U.S.C. sec. 1988 prior to its amendment by Pub. L. 96-481 (Title II), 94 Stat. 2325 (Oct. 21, 1980), not only on the ground that the statute applied only to actions brought by or on behalf of the United States, which is not the manner in which actions are brought in the Tax Court, but also on the ground that this Court had no jurisdiction under 42 U.S.C. sec. 1988 as then in force to allow costs and attorneys' fees. Sharon v. Commissioner,66 T.C. 515 (1976), affd. 591 F.2d 1273 (9th Cir. 1978). The Fifth Circuit, in the Key Buick case, affirmed our decision on the ground that the statute under consideration allowed attorneys' fees only where the United States brought the action, but stated (613 F.2d at 1309): We are not in *434 accord, however, with the conclusion of the Tax Court that it may never award attorneys' fees under any circumstances because it is not empowered to assess costs in actions before it. It any instance in which a taxpayer is cast in a defendant's role before it, section 1988 empowers the Tax Court to award attorneys' fees and assess same as costs. [Emphasis added.] Section 1988 of Title 42 to which the Fifth Circuit referred in stating that the Tax Court was empowered to award costs has been amended by Pub. L. 96-481 (Title II), 94 Stat. 2330 (Oct. 21, 1980), to make it clear that attorneys' fees incurred in tax litigation cannot be recovered under 42 U.S.C. sec. 1988. Since that section of the United States Code no longer applies to tax litigation, the issue here involved is not the same as the issue involved in Key Buick, and, for that reason, the statement that section 1988 of Title 42 empowers this Court to award attorneys' fees and costs is not binding on this Court in the instant case. The provision considered in the Key Buick case was not a provision of Title 28 of the United States Code but was a provision of Title 42 dealing primarily *435 with civil rights actions. Petitioners' final argument is that attorneys' fees are allowable by this Court under section 504 of Title 5 of the United States Code since the Tax Court is an "agency" for the purposes of that provision. This identical contention was considered in McQuiston v. Commissioner,supra, and decided contrary to the position that petitioners take in this case. In the McQuiston case, we held that the legislative history of the Administrative Procedures Act of which section 504 of Title 5 of the United States Code is a part clearly shows that the United States Tax Court is not an "agency" within the meaning of that act. For the reasons set forth in the McQuiston case, we hold that this Court is not authorized by 5 U.S.C. sec. 504 to award attorneys' fees to a prevailing taxpayer. We conclude that we have no authority to grant costs or attorneys' fees under 28 U.S.C. sec. 2412, 5 U.S.C. sec. 504, or any other statute. Since costs and attorneys' fees cannot be granted without statutory authority, petitioners' application for fees and other expenses will be denied. [1] It is therefore *436 unnecessary to hold any hearing with respect to an award of attorneys' fees and costs, and petitioners' request for hearing on the application in Miami, Florida, will be denied. An appropriate order will be entered.
Footnotes
1. As is pointed out in fn. 8 of McQuiston v. Commissioner,↩ 78 T.C.     (May 13, 1982), Congress has recognized that the Tax Court presently has no authority to award attorneys' fees or costs and numerous bills to provide such authority to the Tax Court have been introduced and considered.