JOSEPH E. AND LEAH S. NIELSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE Respondent
Nielson v. Commissioner
Docket No. 6265-79.
United States Tax Court
T.C. Memo 1980-453; 1980 Tax Ct. Memo LEXIS 139; 41 T.C.M. (CCH) 154; T.C.M. (RIA) 80453; October 7, 1980, Filed Joseph E. Nielson and Leah A. Nielson, pro se. Ralph W. Jones and Christina Burkholder, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for judgment on the pleadings filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*141 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's motion for judgment on the pleadings filed on April 2, 1980, pursuant to Rule 120, Tax Court Rules of Practice and Procedure.[2]
Respondent, in a separate individual notice of deficiency issued to each petitioner on February 9, 1979, determined deficiencies in each petitioner's Federal income taxes and in additions to the tax for the taxable calendar years 1971 to 1974, inclusive, in the following respective amounts: Joseph E. Nielson
Income
Additions to Tax, IRC 1954 [3]
Year
Tax
Sec. 6653(b)
1971
$591.00
$295.50
1972
631.00
315.50
1973
680.00
340.00
1974
716.00
358.00
Leah S. Nielson
Income
Additions to Tax, IRC 1954
Year
Tax
Sec. 6653(b)
1971
$591.00
$295.50
1972
631.00
315.50
1973
680.00
340.00
1974
716.00
358.00
The procedural sequence of events resulting in this case began *142 with the issuance of the notice of deficiency to each petitioner on February 9, 1979. On May 8, 1979, petitioners timely mailed their petition to the Court, in response to which respondent timely filed his answer on June 25, 1979. In that answer respondent, inter alia, made affirmative allegations of fact in support of the determined deficiencies in income taxes and additions to the tax under section 6653(b). On July 24, 1979, petitioners filed a motion to extend the time to file their reply. The Court granted that motion and gave them until September 4, 1979, in which to do so. When they did not file a reply, respondent, on October 10, 1979, and pursuant to Rule 37(c), filed a motion for entry of order that specified undenied allegations in answer be deemed admitted. On October 15, 1979, the Court served upon petitioners a copy of respondent's motion and a notice with respect thereto in which petitioners were informed that if they filed a proper reply as required by Rules 37(a) and (b) on or before October 29, 1979, respondent's motion would be denied but that, if no reply was filed by that date, the Court would act at our discretion on such motion at a hearing scheduled for *143 November 14, 1979, at Washington, D.C. On the hearing date a document was received from petitioners entitled "Special Denials". That document which did not constitute a proper reply was filed as of the date received as petitioners' statement in lieu of appearance. Therein it is stated in part-- * * * the Petitioners, specifically deny each and every allegation contained in any abd [sic] pleadings submitted by Respondent. The Court being of the opinion that petitioners did wish to file a proper reply issued an order continuing the hearing on respondent's motion to January 16, 1980, to afford petitioners sufficient additional time in which to file a reply. A copy of that order whih again directed petitioners' attention to Rule 37 was served on petitioners by the Court on November 19, 1979, together with a copy of Rule 37. When the case again was called for hearing on respondent's motion on January 16, 1980, no reply had been received from petitioners. Still believing petitioners desired to file a proper reply but were uncertain as to how to proceed, the Court by order, a copy of which was served on petitioners, once more continued the hearing on respondent's motion, this time *144 to February 27, 1980. In order to clear up any misunderstanding which petitioners may have had, the Court on January 16, 1980, mailed a detailed letter to petitioners explaining precisely how they should proceed in preparing and filing a reply in full compliance with Rule 37. When respondent's motion was again called for hearing on February 27, 1980, no proper reply had been filed. Rather, they chose to rely upon statements contained in a document filed in lieu of appearance on February 19, 1980. Some of those statements are: * * * We see no way we can win or comply, no matter which way we go. We are at the mercy of a court that, under the Constitutional Law of the Land, has no jurisdiction over us, a court to which we were compelled to petition in the belief that we would receive at least a semblance of justice.Now we realize that this was a mistake, because we are being denied our right to due process, our right to trial by jury in a so-called Civil Action, all strictly forbidden under Idaho Constitution. By order dated February 27, 1980, we granted respondent's motion under Rule 37(c) and deemed admitted for purposes of this case the undenied affirmative allegations *145 of fact set forth in subparagraphs a to j, inclusive, of paragraph 10 of respondent's answer. On April 2, 1980, respondent filed a motion for judgment on the pleadings.On April 4, 1980, the Court served a copy of that motion upon petitioners together with a notice advising that respondent's motion was calendared for hearing at Washington, D.C., on May 21, 1980. At the hearing on May 21, 1980, counsel for respondent presented argument. No appearance was made by or on behalf of petitioners. They filed no response to respondent's motion. At the conclusion of the hearing, the Court directed that respondent's motion would be granted. The following findings of fact are based upon those portions of petitioners' petition admitted by respondent in his answer and the undenied factual allegations contained in respondent's answer deemed to be admitted pursuant to the Court's order dated February 27, 1980. FINDINGS OF FACT Petitioners resided at 225 Park Avenue, Sugar City, Idaho, on the date their petition was filed. During each of the years 1971 through 1974 petitioner Joseph E. Nielson (Mr. Nielson) was employed by Ricks College at Rexburg, Idaho, and Leah S. Nielson (Mrs. *146 Nielson) was employed by Rogers Brothers Co. at Rexburg, Idaho. During each of those years they received Form W-2 income (wages) from their respective employers and interest income from the Ricks College Credit Union, as follows: Year
Mr. Nielson
Mrs. Nielson
Interest
Totals
1971
$ 6,733.62
$ 2,830.00
$ 8.78
$ 9,572,40
1972
7,443.87
3,035.09
7.50
10,486.46
1973
8,105.45
2,951.35
2.45
11,059.25
1974
8,097.51
3,401.00
.65
11,499.16
$30,380.35
$12,217.44
$19.38
$42,617.27 [4]
Petitioners filed false Forms W-4 with their employers during the years in question, which resulted in little or no tax being withheld from their wages. Mr. Nielson filed two false Forms W-4, one on October 4, 1972, claiming 12 exemptions, and the other on April 24, 1974, claiming 10 exemptions; Mrs. Nielson filed one false Form W-4, on September 16, 1974, claiming 10 exemptions. Petitioners refused to cooperate with agents and employees of the Internal Revenue Service in determining their *147 income tax liabilities for the years 1971 through 1974. They were knowingly and willfully defiant, withholding, and dedicated to a plan of nonpayment of taxes for which they knew they were liable. Petitioners failed to file a U.S. individual income tax return for each of the years 1971 to 1974, inclusive, reporting gross income received by them in those years in the respective amounts of $9,572.40, $10,486.46, $11,059.25, and $11,499.16. The income taxes due and payable from each petitioner for the taxable years 1971, 1972, 1973, and 1974 are in the respective amounts of $591.00, $631.00, $680.00, and $716.00. [5]
*148 Petitioners were tried before a jury on charges that they failed to file Federal income tax returns for the years 1971 to 1974, inclusive, in violation of section 7203. On August 4, 1977, they were convicted of those charges for all four years. OPINION At the outset, we feel constrained to comment briefly on petitioners' failure to file a reply. Our recital of the procedural developments in this case demonstrates that petitioners were given more than an ample opportunity to file a proper reply. Respondent's answer was served on them on June 21, 1979. Although they sought more time for the filing of their reply and the Court gave them until September 4, 1979, to do so, no reply was filed. Respondent then filed a motion under Rule 37(c), and the Court issued a notice to petitioners giving them until October 29, 1979, in which to file their reply. No proper reply was filed. While petitioners did, indeed, submit a document entitled, "Special Denials", which was filed on November 14, 1979, the date received by the Court, as petitioners' statement in lieu of appearance, that document could not be deemed to be a proper reply for it purports to deny allegations in the petition which *149 respondent has admitted in his answer. It simply does not comply in any respect with the Court's Rules for the filing of a reply. Rule 37(b), a copy of which the Court directed to be attached to its order dated November 14, 1979, which was served on petitioners by the Court on November 19, 1979, specifically provides: In response to each material allegation in the answer and the facts in support thereof on which the Commissioner has the burden of proof, the reply shall contain a specific admission or denial; however, if the petitioner shall be without knowledge or information sufficient to form a belief as to the truth of an allegation, he shall so state, and such statement shall have the effect of a denial. In addition, the reply shall contain a clear and concise statement of every ground, together with the facts in support thereof, on which the petitioner relies affirmatively or in avoidance of any matter in the answer on which the Commissioner has the burden of proof. In other respects the requirements of pleading applicable to the answer provided in Rule 36(b) shall apply to the reply. *150 The paragraphs of the reply shall be designated to correspond to those of the answer to which they relate. (Emphasis supplied.) We also observe that, while petitioners were served with a copy of respondent's motion for judgment on the pleadings on April 4, 1980, some 47 days in advance of the hearing on respondent's motion, they filed no response thereto. Petitioners have, in essence, ignored the notices and orders issued to them and, by their conduct, have shown complete and utter disrespect for the rules of this Court. We now turn to the substantive issues before us. Issue 1. The Income Tax Deficiencies
In his notices of deficiency respondent determined deficiencies in petitioners' income taxes for the taxable years 1971, 1972, 1973, and 1974. In their petition, petitioners alleged that respondent erred in determining those deficiencies. Petitioners received $42,617.27 from wages and interest during the years at issue. In subparagraphs d, h, and i of paragraph 10 of his answer respondent made the following affirmative allegations: d. Petitioners failed to file a U.S. Individual Income Tax Return for each of the years 1971 through 1974. h. Petitioners *151 have been knowingly and willfully defiant, withholding and dedicated to a plan of nonpayment of taxes for which they knew they were liable. i. Petitioners knowingly and willingly [sic] failed to report their gross income in the amounts of $9,572.40, $10,486.46, $11,059.25, and $11,499.16, for the years 1971 through 1974, respectively. The foregoing affirmative factual allegations were among those deemed admitted by our order of February 27, 1980. It follows, therefore, based upon the foregoing unreported income received by petitoners, that there are due and payable from each petitioner for the taxable years 1971, 1972, 1973, and 1974 income taxes in the respective amounts of $591.00, $631.00, $680.00, and $716.00. [6]
*152 On this record, we sustain respondent's determinations with respect to the income tax deficiencies. Issue 2. Additions to Tax for Fraud
Respondent has asserted against each petitioner the 50 percent fraud penalty provided for in section 6653(b)[7] for each of the years at issue. The burden of proof with respect to this issue is upon respondent to prove, by clear and convincing evidence, that some part of the understatement of tax was due to fraud with an intent to evade tax. Section 7454(a); Rule 142(b); Imburgia v. Commissioner,22 T.C. 1002 (1954). That burden can be satisfied by respondent through those undenied facts admitted under Rule 37(c). Gilday v. Commissioner,62 T.C. 260 (1974); Morris v. Commissioner,30 T.C. 928 (1958); Black v. Commissioner,19 T.C. 474 (1952); Marcus v. Commissioner,70 T.C. 562 (1978). We hold that, by reason of such admitted facts in this case, respondent has satisfied his burden of proving fraud. *153 It has long been held that evidence of fraud can be found from the willful failure to file a return. Powell v. Granquist,252 F.2d 56 (9th Cir. 1958); Acker v. Commissioner,26 T.C. 107 (1956); Bennett v. Commissioner,30 T.C. 114 (1958). While willful failure to file is, by itself, insufficient to support a finding of fraud, Beaver v. Commissioner,55 T.C. 85, 93 (1970), such failure is properly considered together with other facts in order to establish the requisite intent to evade tax. Cirillo v. Commissioner,314 F.2d 478 (3d Cir. 1963), affg. in part a Memorandum Opinion of of this Court. After a jury trial, on August 4, 1977, petitioners were convicted of willfully failing to file Federal income tax returns for the years 1971 to 1974, inclusive. The petitioners are the same persons who were the defendants in the criminal case, and the respondent herein is a party in privity with the United States of America, the prosecuting party in that criminal case. Among the issues of fact presented, *154 litigated, and determined in the criminal case was whether petitioners willfully failed to file returns for 1971, 1972, 1973, and 1974. As defendants in that case, petitioners presented evidence and argument bearing on that issue. A finding of fact that petitioners' failure to file returns for those years was willful was essential to support the jury verdict rendered and the judgment of conviction entered thereon. For each year at issue, we have no hesitation in finding that petitioners willfully failed to file Federal income tax returns. Initially, petitioners were convicted of violating section 7203[8] for each and every year at issue before this Court. One of the essential elements of this offense is a finding that the failure to file was willful. Hence, the doctrine of collateral estoppel necessarily binds us to a similar conclusion for those years. See Amos v. Commissioner,43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965). [9]
*155 In addition to failing to file their income tax returns at the times required by law, each petitioner filed false Forms W-4 with their employers claiming more exemptions than they were entitled to. Such overt actions have long been held to be an indicia or badge of fraud. See Forbush v. Commissioner,T.C. Memo. 1979-214. Moreover, they refused to cooperate with agents and employees of the Internal Revenue Service in determining their income tax liabilities for the years in dispute. See McDonald v. Commissioner,T.C. Memo. 1980-342, and cases cited therein. Upon consideration of this record, we conclude that the underpayment of tax required to be shown upon each petitioner's Federal income tax returns for the years at dispute was due to fraud with intent to evade tax. There being no genuine issue of material fact herein, respondent is entitled to a decision as a matter of law. Accordingly, respondent's motion for judgment on the pleadings will be granted. It follows that there are deficiencies in income taxes and in additions to the tax due from petitioners for the years and in the amounts determined by respondent in his notices of deficiency. *156 [10]
An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion for judgment on the pleadings and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on May 21, 1980. Neither Joseph E. Nielson nor Leah S. Nielson appeared nor did they file any response to respondent's motion herein under consideration, albeit a copy thereof was served on petitioners by the Court on April 4, 1980.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. Respondent, in his deficiency notices, has allocated one-half of the total income for each year to each petitioner as required under Idaho community property laws.↩
5. Each petitioner received gross income for the taxable years 1971, 1972, 1973, and 1974 in the respective amounts of $4,786.20, $5,243.23, $5,529.63, and $5,749.58. Petitioners failed to file individual income tax returns for each of the years 1971 to 1974, inclusive, and failed to pay income taxes for those years for which they knew they were liable. Using the optional tax tables under section 3 and allowing for one personal exemption and the standard deduction, as did respondent in his notices of deficiency, each petitioner's income tax liabilities for those years are $591.00, $631.00, $680.00, and $716.00.↩
6. See footnote 5 at page 5. See also the note to Rule 120(a), Tax Court Rules of Practice and Procedure, 60 T.C. at 1126, which provides in part: "This motion [judgment of the pleadings] is not to be made until the pleadings are closed. It is appropriate only where the pleadings do not raise a genuine issue of material fact, but rather involve only issues of law. The motion is to be granted only if, on the admitted facts, the moving party is entitled to a decision."↩
7. SEC. 6653. FAILURE TO PAY TAX. (b) FRAUD.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment.In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse. (c) DEFINITION OF UNDERPAYMENT.--For purposes of this section, the term "underpayment" means-- (1) INCOME, ESTATE, GIFT, AND CHAPTER 42 TAXES.--In the case of a tax to which section 6211 (relating to income, estate, gift, and chapter 42 taxes) is applicable, a deficiency as defined in that section (except that, for this purpose, the tax shown on a return referred to in section 6211(a)(1)(A) shall be taken into account only if such return was filed on or before the last day prescribed for the filing of such return, determined with regard to any extension of time for such filing) * * *.
SEC. 6211. DEFINITION OF A DEFICIENCY. (Sec. 6211(a)) (a) IN GENERAL.--For purposes of this title in the case of income, estate, gift, and excise taxes, imposed by subtitles A and B, and chapter 42, the term "deficiency" means the amount by which the tax imposed by subtitle A or B or chapter 42 exceeds the excess of-- (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) The amounts previously assessed (or collected without assessment) as a deficiency, over-- (2) the amount of rebates, as defined in subsection (b)(2), made.↩
8. SEC. 7203. WILLFUL FAILURE TO FILE RETURN, SUPPLY INFORMATION OR PAY TAX. Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return↩, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution. (Emphasis supplied.)
9. See also Pohlman v. Commissioner,T.C. Memo. 1978-164; Klee v. Commissioner,T.C. Memo. 1977-149↩.
10. Petitioners' pleas for a jury trial and for attorney's fees are without merit. A taxpayer is not entitled to a trial by jury in the U.S. Tax Court. Section 7453. See Swanson v. Commissioner,65 T.C. 1180 (1976); Cupp v. Commissioner,65 T.C. 68 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3d Cir. 1977); Gajewski v. Commissioner,67 T.C. 181 (1976), affd. in an unpublished opinion 578 F.2d 1383 (8th Cir. 1978); Wilkinson v. Commissioner,71 T.C. 633 (1979).Finally, this Court is not authorized to make an allowance of attorney's fees to a petitioner. Key Buick Co. v. Commissioner,68 T.C. 178 (1977), affd. 618 F.2d 1306↩ (5th Cir. 1980).