JOHN E. POPHAM and ELEANOR E. POPHAM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Popham v. Commissioner
Docket No. 12483-83.
United States Tax Court
T.C. Memo 1984-652; 1984 Tax Ct. Memo LEXIS 21; 49 T.C.M. (CCH) 323; T.C.M. (RIA) 84652; December 18, 1984. John E. Popham and Eleanor E. Popham, pro se. Allen Lang, for the respondent. SWIFT MEMORANDUM OPINION SWIFT, Judge: By statutory notice of deficiency dated February 23, 1983, respondent determined a deficiency of $5,186 in petitioners' Federal income tax liability for 1979. After settlement of all issues, respondent redetermined petitioners' Federal income tax deficiency to be $2,069, with which redetermination petitioners now agree. Petitioners thereafter moved this Court to award them litigation costs, including attorney's fees, in the amount of $11,208.55, pursuant to Section 7430 [1] and Rule 231. [2] The issues for decision are (1) whether petitioners have exhausted the administrative remedies available to them within the Internal Revenue Service, and if so, (2) whether petitioners were the prevailing party in this civil proceeding. If these issues are resolved in favor of petitioners, the Court must also decide whether the amount of litigation costs claimed by petitioners is reasonable. *23 Petitioners John E. Popham and Eleanor E. Popham resided in Denver, Colorado, when the petition herein was filed. Respondent determined a deficiency in petitioners' Federal income tax liability for 1979 in the amount of $5,186 as a result of six adjustments to petitioners' return made by respondent. Petitioners filed the petition herein on May 24, 1983, placing in controversy each adjustment reflected in the notice of deficiency. At the calendar call on March 21, 1984, however, the parties filed with the Court a stipulation of the settled issues which reflected their agreement on the amounts to be allowed by respondent as to each of the six disputed adjustments, as follows: Amount originally
Amount allowed
Adjustment
disallowed
under settlement
(1) long-term capital loss
carryover
$30,561.64
$24,561.64
(2) rental expenses
1,540.00
0
(3) rental depreciation
1,507.00
0
(4) net operating loss
carryover
12,536.00
0
(5) medical expenses
732.00
554.39
(6) sales tax
297.00
243.00
TOTAL
$47,173.64
$25,359.03
The settlement resulted in a reduction of petitioners' Federal income tax deficiency as originally determined by respondent *24 for 1979 from $5,186 to $2,069. Petitioners now move this Court to award them litigation costs, including reasonable attorney's fees, totalling $11,208.55, pursuant to section 7430. Petitioner John E. Popham, an attorney who is not admitted to practice before this Court, represented himself in this action and seeks reimbursement for his time spent in prosecuting the petition herein. Petitioners allocate their costs and "fees" as follows: Pre-petition "attorney" hours -
66 hours at $75
$ 4,950.00
Post-petition "attorney" hours -
81 hours at $75
6,075.00
Expenses -
Duplicating
39.30
Telephone
25.00
Automobile
35.00
Parking
21.00
Postage
3.25
Court Costs
Filing Fee
60.00
TOTAL
$11,208.55 Petitioners assert that they are entitled to reasonable litigation costs and attorney's fees because they substantially prevailed with respect to the amount in controversy and with respect to the most significant issue, (namely, the amount of the long-term capital loss carryover). Also, petitioners argue that respondent bears the burden of proving that the position he maintained herein prior to the settlement was reasonable. Respondent argues that *25 petitioners' motion for litigation costs should be denied because petitioners (1) failed to exhaust administrative remedies available to them within the Internal Revenue Service, (2) were not the prevailing party as defined in section 7430, (3) failed to establish any amount of reasonable litigation costs, and (4) did not pay or incur attorney's fees because petitioners represented themselves pro se. For the reasons explained below, we agree with respondent's second contention, and therefore, do not need to address the amount or reasonableness of the asserted litigation costs. Section 7430 was added to the Internal Revenue Code by the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), [3] and provides that reasonable litigation costs, including attorney's fees, may be awarded in the case of any civil proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code. [4] Section 7430 is applicable to the cases brought on or after March 1, 1983, in a court of the United States, including this Court, and carries an award ceiling of $25,000. Section *26 7430(b)(1). *27 Section 7430 does not state specifically whether a taxpayer who settles all the issues involved in a Federal tax case prior to trial, as did petitioners herein, can qualify for recovery of litigation costs. Section 7430 allows the award of litigation costs only in the case of a "civil proceeding which is * * * brought in a court of the United States," and costs incurred during the administrative proceedings are not recoverable. Section 7430(a) and (c)(1). [5] Section 7430(c)(2)(B) provides that a determination as to whether a party is a prevailing party shall be made by the court or by agreement of the parties. Moreover, Rule 232(f) indicates that "where the parties have settled all of the issues other than litigation costs", the Court may grant a motion for litigation costs. Therefore, although section 7430 specifically does not so provide, litigation costs may be recovered, under certain circumstances, even though the parties effectuated a settlement of all issues in the case prior to trial. See Baker v. Commissioner, 83 T.C.     (Nov. 28, 1984). *28 To be eligible for an award of litigation costs under section 7430, petitioners must meet two requirements: (1) they must exhaust all administrative remedies available to them within the Internal Revenue Service, and (2) they must satisfy the statutory definition of a "prevailing party" in this civil proceeding. Section 7430(b)(2) and (c)(2). Generally, if a taxpayer has requested and participated in an Appeals Office conference regarding the disputed tax deficiency prior to petitioning this Court, the taxpayer has exhausted his administrative remedies. Section 301.7430-1(b)(1), Proc. & Admin. Regs. A taxpayer will be deemed to have "participated" in an Appeals Office conference only if he discloses all relevant information regarding the tax dispute to the Appeals Office. Section 301.7430-1(b)(2), Proc. & Admin. Regs. There are two relevant exceptions to the requirement that the taxpayer exhaust his administrative remedies: (1) where the taxpayer has been notified by the Internal Revenue Service that pursuit of administrative remedies is unnecessary, or (2) where the taxpayer did not receive a preliminary notice of proposed deficiency (30-day letter) prior to receipt *29 of the statutory notice of deficiency, and the failure to receive such notice was not due to the actions of the taxpayer (such as a refusal to sign an extension of time for assessment or to supply requested information). Section 301.7430-1(f)(1) and (2), Proc. & Admin. Regs. Although the record herein contains little information concerning the extent to which petitioners exhausted their administrative remedies, we decline to decide that issue on the basis of burden of proof. Because no hearing on petitioners' motion was requested in this case by either party, and because petitioners did engage, to some extent, in conferences with the Appeals Office, we will view the facts in a manner most favorable to petitioners and assume that they exhausted all administrative remedies that were available to them. In order to qualify as the "prevailing party" under section 7430(c)(2), petitioners also must establish that the position of the United States in the civil proceeding was unreasonable, and that they substantially prevailed with respect to the amount in controversy or that they substantially prevailed with respect to the most significant issue. Rule 232(e). The term "unreasonable" *30 is not defined in section 7430, but the legislative history provides the following guidelines intended for use in determining whether the government's position in the civil proceeding was unreasonable, as follows: (1) whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) such other factors as the Court finds relevant * * *. (H. Rept. 97-404, supra at 12.) Petitioners simply argue that since they prevailed with respect to the major portion of the amount in controversy and the most significant issue, the burden is on respondent to prove that his position in the civil proceeding was reasonable. Petitioners' argument is based on the provisions of the EqualAccess To Justice Act (EAJA), 28 U.S.C. section 2412. [6] Under EAJA, once the taxpayer demonstrates that he is the prevailing party, the burden is on the United States to prove that it was "substantially justified" *31 in denying the taxpayer's claim. TEFRA, however, specifically removed the applicability of EAJA to all Federal tax cases brought in any Federal court on or after March 1, 1983. [7]
*32 Therefore, we are governed by section 7430 and Rule 232(e) under which the burden is on petitioners to prove that respondent's position was unreasonable and to establish that they prevailed with respect to the major portion of the amount in controversy and/or the most significant issue. In that regard, we have held that "the clear meaning * * * of the statute as a whole requires us to examine the reasonableness of respondent's position during the litigation," that is, since the time of filing of the petition in this case. Baker v. Commissioner,supra, (p. 8 slip opinion filed November 28, 1984). We disregard the position taken by respondent in the administrative proceedings because it provides no guidance for deciding whether respondent's position after the petition was filed was unreasonable. In addition, respondent's settlement of issues does not automatically mean that his position in the civil proceeding was unreasonable. Baker v. Commissioner,supra, (p. 10-11 slip opinion filed November 28, 1984); see Broad Ave. Laundry and Tailoring v. United States,693 F.2d 1387, 1391-92 (Fed. Cir. 1982) (decided under EAJA). We find no *33 evidence in the record that respondent acted arbitrarily or with the intent to harass petitioners, or that his legal position was in any way unreasonable. Petitioners have offered no evidence to support a finding that respondent was unreasonable in refusing to settle the issues herein until petitioners had satisfactorily substantiated the long-term capital loss carryover. See Baker v. Commissioner,supra, (p. 14 slip opinion filed November 28, 1984); see also Greenberg v. United States,1 Cl. Ct. 406, 408 (1983), and Allen v. United States,547 F. Supp. 357, 360 (N.D. Ill. 1982) (the latter two cases decided under EAJA). Based on the record before us, we find that the position of respondent in this civil proceeding was not unreasonable and therefore conclude that petitioners do not meet the definition of a "prevailing party" under section 7430(c)(2)(A). An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Pub. L. 97-248, 96 Stat. 324, 572 (1982). ↩
4. SEC. 7430. AWARDING OF COURT COSTS AND CERTAIN FEES. (a) IN GENERAL.--In the case of any civil proceeding which is-- (1) brought by or against the United States in connection with the determination, collection, or refund or any tax, interest, or penalty under this title, and (2) brought in a court of the United States (including the Tax Court), the prevailing party may be awarded a judgment for reasonable litigation costs incurred in such proceeding. (b) LIMITATIONS.-- (1) MAXIMUM DOLLAR AMOUNT.--The amount of reasonable litigation costs which may be awarded under subsection (a) with respect to any prevailing party in any civil proceeding shall not exceed $25,000. (2) REQUIREMENT THAT ADMINISTRATIVE REMEDIES BE EXHAUSTED--A judgment for reasonable litigation costs shall not be awarded under subsection (a) unless the court determines that the prevailing party has exhausted the exhausted the administrative remedies available to such party within the Internal Revenue Service. * * * (c) DEFINITIONS.--For purposes of this section-- (1) Reasonable litigation costs.-- (A) In general.--The term "reasonable litigation costs" includes-- (i) reasonable court costs, (ii) the reasonable expenses of expert witnesses in connection with the civil proceeding, (iii) the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and (iv) reasonable fees paid or incurred for the services of attorneys in connection with the civil proceeding. (B) Attorney's fees.--In the case of any proceeding in the Tax Court, fees for the services of an individual (whether or not an attorney) who is authorized to practice before the Tax Court shall be treated as fees for the services of an attorney. (2) PREVAILING PARTY.-- (A) In general.--The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which-- (i) establishes that the position of the United States in the civil proceeding was unreasonable, and (ii)(I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented. (B) Determination as to prevailing party.--Any determination under subparagraph (A) as to whether a party is a prevailing party shall be made-- (i) by the court, or (ii) by agreement of the parties. (3) CIVIL ACTIONS.--The term "civil proceeding" includes a civil action.↩
5. See H. Rept. 97-404 (1981) at 14, which states: Recoverable litigation costs include only the reasonable amount of costs which are incurred in the litigation of a civil tax action or proceeding. * * * The committee intends that the costs of preparing and filing the petition or complaint which commences a civil tax action be the first of any recoverable attorney's fees. Fees paid or incurred for the services of an attorney during the administrative stages of the case could not be recovered under an award of litigation costs.↩
6. Pub. L. No. 96-481, 94 Stat. 2325 (1980) (codified at 5 U.S.C. § 504, 28 U.S.C. §§ 1920 and 2412 (1980)). EAJA replaced an earlier statute, the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. § 1988, which provided for an award of litigation costs in any civil action or proceeding brought by the United States to enforce the provisions of the Internal Revenue Code. This provision, however, was of limited applicability because, to be eligible, actions had to be brought by the Federal government, and most tax litigation is initiated by the taxpayer who either brings suit in this Court in a deficiency proceeding or sues the government for a refund in the United States Claims Court or in the United States district courts. H. Rept. No. 97-404, supra at 10. Moreover, § 1988 was held inapplicable to proceedings before this Court. Key Buick Co. v. Commissioner,613 F.2d 1306 (5th Cir. 1980), aff'g. 68 T.C. 178 (1977). EAJA deleted from § 1988 the reference to actions brought to enforce the Internal Revenue Code. EAJA, supra↩ sec. 205(c). 7. TEFRA, supra↩ sec. 292(c).